William E. GADDIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14154.

United States Court of Appeals
Sixth Circuit.

June 29, 1960.

Rehearing Denied July 25, 1960.

William E. Gaddis, in pro. per.

James E. Applegate, Asst. U. S. Atty., Cincinnati, Ohio, Hugh K. Martin, U. S. Atty., Thomas Stueve, First Asst. U. S. Atty., and James E. Applegate, Asst. U. C. Atty., Cincinnati, Ohio, on brief, for appellee.

Before MARTIN, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court denying a motion to vacate a sentence filed under the provisions of Title 28 U.S.C. § 2255.

Appellant, on September 28, 1956, entered a plea of guilty to both counts of an Information filed in the District Court charging him with forgery and uttering of a government check. Title 18 U.S.C. § 495. The District Judge, in his oral pronouncement of the sentence, stated:

> "It is the sentence of the court you be confined in the custody of the Attorney General for a year on the first Count, and a suspended sentence of two years on the second Count.

> "Now, you have a bad record. This makes it worse. So, you better reform and learn to reform very quickly in this year because, if you don't, you are going to be in trouble for a long time."

The judgment of conviction provided:

> "* * * It is adjudged that the defendant is hereby committed to the custody of the Attorney General * * * for a period of One (1) Year on Count 1 of the Information and for a period of Two (2) Years on Count 2 of the Information. The sentence on Count 2 to begin at the expiration and legal termination of the sentence on Count 1.

> "It is adjudged that the sentence on Count 2 be suspended and that

said Defendant be placed on probation for said period of Two (2) Years. * * * "

Gaddis served the sentence imposed on Count one and was released from the Federal Correctional Institution at Milan, Michigan on July 21, 1957. According to his own statement he voluntarily submitted to probation supervision for a period of fourteen months.

On September 3, 1958 Gaddis was arrested for receiving stolen property. He entered a plea of guilty on October 30, 1958 to an indictment returned in the Common Pleas Court of Hamilton County, Ohio charging him with receiving said stolen property, and was sentenced to imprisonment for 90 days.

A bench warrant was issued by the District Court charging Gaddis with violations of the terms of his probation. After hearing, his probation was revoked and he is now serving the two year sentence.

Gaddis claims that in the oral pronouncement of his original sentence in open court, he was merely given a suspended sentence for two years and that nothing was said to him about probation. He urges that the oral pronouncement controls the judgment of conviction. Wilson v. Bell, 6 Cir., 1943, 137 F.2d 716; Walden v. Hudspeth, 10 Cir., 1940, 115 F.2d 558. He insists that he was not legally on probation and hence could not be charged as a probation violator.

The only authority for suspension of sentence in the federal court is in connection with probation. Title 18 U.S.C. § 3651. Prior to the Probation Act an indefinite suspension of sentence was void. Miller v. Alderhold, 288 U.S. 206, 210, 53 S.Ct. 325, 77 L.Ed. 702. If the suspension of sentence was void, the District Judge was clearly within his rights in resentencing Gaddis when he revoked his probation. Whitehead v. United States, 6 Cir., 1946, 155 F.2d 460, 461; Cf. Ex parte De Angelo, 6 Cir., 1931, 50 F.2d 847; Morgan v. Adams, 8 Cir., 1915, 226 F. 719.

■ In any event, taking into account what the court said at the time of sentence, and the fact that Gaddis appeared after his release and underwent probation supervision, we are not persuaded that Gaddis did not understand that the suspension of his sentence involved probation. In our judgment, the sentence on Count Two was valid.

■■ There is an inconsistency, however, in the pronouncement of sentence and the judgment of conviction. In the pronouncement, nothing was said about the sentences on the two counts being concurrent or consecutive. In the judgment of conviction, the sentences run consecutively. Where there is any ambiguity, the prisoner is entitled to have the language in the pronouncement construed most favorable to him. In the absence of express language in the pronouncement of sentence fixing the date of commencement of probation, it is deemed to commence when the Judge imposes the sentence. United States v. Rosenstreich, 2 Cir., 1953, 204 F.2d 321, 322; Sanford v. King, 5 Cir., 1943, 136 F.2d 106, 108. Gaddis was therefore entitled to have the original sentences run concurrently. The maximum term of imprisonment he could have received on the revocation of his probation was two years less that amount of time which he is credited for having spent in the penal institution under the sentence on Count one.

The judgment of conviction of the District Court is modified so as to provide for concurrent sentences and this cause is remanded for correction of the judgment of conviction accordingly.

On Petition for Rehearing

PER CURIAM.

Appellee has petitioned for rehearing, urging that the Court was in error in holding that "the maximum term he [Gaddis] could have received on the revocation of his probation was two years less that amount of time which he is credited for having spent in the penal institution on Count One." The Government contends that this holding opens

the door for a prisoner to store up a "bank" of time for future violations of probation.

In so contending the Government overlooks the fact that this case has arisen from a most peculiar factual background and its decision hinges thereon.

The Probation Act, 18 U.S.C. § 3653, provides that upon the revocation of probation the probationer may be required "to serve the sentence imposed, or any lesser sentence."

 What was the maximum term appellant could have been required to serve under the concurrent sentences, had there not been the probation on Count Two? The answer to this question is two years.

The Probation Act provides that a probation violator may be confined to serve the sentence imposed. The sentence imposed on appellant carried a total cumulative period of imprisonment of two years. He has already been imprisoned for approximately ten months under the First Count. In order to satisfy his sentence it necessarily follows that appellant could only be confined for two years less that amount of time which he is credited for having spent in the penal institution under the sentence of Count One.

Were this Court to hold otherwise we would be countenancing the imprisonment of an individual as a probation violator for a period of time which, added to that already served, would be in excess of that which he would have served had he not been put on probation in the first place.

This holding does not, in our judgment, carry with it the dire consequences which the Government attaches to it. The problem resolved herein can be very simply avoided. Should a District Court desire to place a prisoner on probation on one or more counts of a multiple count conviction, probation to commence upon the expiration of a term of imprisonment under another count, that may be achieved by providing that the sentences are to run consecutively.

The 1958 amendment of the Probation Act, 18 U.S.C. § 3651, provides an analogous procedure, which a District Court may wish to utilize in proper cases.

The Petition for Rehearing is denied.