Don B. COOK, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 28307.

United States Court of Appeals, Fifth Circuit.

March 30, 1970.

Rehearing Denied May 1, 1970.

Certiorari Denied May 25, 1970. See 90 S.Ct. 1831.

Don B. Cook, pro se, Jerry Bain, Tyler, Tex., for petitioner-appellant.

Richard Brooks Hardee, U. S. Atty., Wm. Louis White, First Asst. U. S. Atty., James F. Parker Jr., Tyler, Tex., for respondent-appellee.

Before WISDOM, GOLDBERG, and INGRAHAM, Circuit Judges.

PER CURIAM:

This appeal is from the district court's denial of the petitioner's motion under 28 U.S.C. § 2255. The court denied the motion in a memorandum and order after an extensive hearing.

On April 21, 1966, Don B. Cook was convicted upon his plea of guilty to the following violations of 18 U.S.C. § 2113(a) and § 2115: No. 6850, burglary of Trinidad, Texas, post office on February 15, 1966; No. 6851, burglary of Eustace, Texas, post office on January, 9, 1966; No. 6852, unlawfully entering the First State Bank of Eustace, Texas, with intent to commit larceny; No. 6853, unlawfully entering the State Bank of DeKalb, Texas, with intent to commit larceny.

After accepting pleas of guilty to each of the four offenses, the trial judge sentenced the defendant orally as follows:

"THE COURT: In Criminal Action No. 6850, I'm going to sentence you to the custody of the Attorney General for five years;

in Criminal Action No. 6851, I'm going to sentence you to the custody of the Attorney General for five years;

in Criminal Action No. 6852, I'm going to sentence you to the custody of the Attorney General for ten years, with the sentences in Criminal Action Nos. 6850, 6851, and 6852 to run concurrent (sic), *and with the Judgment in each of them to provide that you shall be eligible for parole at any time the Parole Board sees fit.*" (emphasis added).

The sentence of five years in No. 6853 was suspended, probation under that sentence to begin after the service of the sentence in Nos. 6850, 6851, and 6852.

Although the underscored portion of the sentence granted the appellant the benefits of 18 U.S.C. § 4208(a) (2) in each of the cases, the judgments and commitments provided that § 4208(a) (2) was applicable only to the ten-year sentence imposed in No. 6852.

This material variance between the oral pronouncement and the written commitment was corrected on October 10, 1967. The district court conformed the judgments and commitments to reflect the trial judge's oral pronouncement. *See* Cuozzo v. United States, 5 Cir. 1965, 340 F.2d 303 and Henley v. Heritage, 5 Cir. 1964, 337 F.2d 847.

(1) Cook contends that because the judgments and sentences were not corrected until after he had served eighteen months, his ineligibility for parole during that period denied him due process and equal protection of the law. There may be cases in which such a contention could be supported by evidence. This is not such a case. Here Cook applied for parole one month after the judgments and sentences were corrected, and he was denied parole. It is fair to assume that since he was not granted parole after nineteen months, he would not have been granted parole in the first eighteen months of his sentence. It is significant that Cook had a prior felony conviction. It would be speculative to assume that a prisoner with a prior conviction for a felony, serving a ten-year sentence, would be paroled in less than eighteen months. The Board's action in denying parole *after nineteen months* speaks for itself.

(2) The appellant contends that because the district court corrected

the judgments and commitments under Fed.R.Crim.P. 36, rather than Rule 35, and made the corrections without the appellant or his counsel present, he was denied due process and equal protection of the law. First, "Rule 36 is the appropriate remedy to make the judgment and commitment papers conform to the sentence pronounced orally, although some courts have spoken of Rule 35 as the applicable rule * * * [but] it does not matter which rule is used." Wright, Federal Practice and Procedure, § 611 (1969). Second, although it has been held that the better practice would be to have the defendant present when correcting clerical errors, (Wright, supra at § 612) we find no prejudice to the defendant when the exact relief he sought was granted. In any event, the defendant's absence could not rise to a deprivation of due process.

The Court has considered the appellant's other contentions. There is no merit to them.

The judgment is affirmed.