UNITED STATES of America, Appellee,

v.

Thomas BARBOUR, Appellant.

No. 76–2102.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1977.

Decided April 18, 1977.

M. Craig Cassing, Sedalia, Mo., for appellant.

Rockne Chickinell, Regional Counsel, U. S. Parole Comm., No. Central Reg., Kansas City, Mo., amicus curiae.

Bert C. Hurn, U. S. Atty., and Paul A. White, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Thomas Barbour appeals from an order denying his motion to strike and set aside his sentence. Barbour pleaded guilty to a charge of distributing heroin in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). He received a split sentence of six months imprisonment and two and one-half years probation pursuant to 18 U.S.C. § 3651; in addition, the court imposed a special mandatory parole term pursuant to 21 U.S.C. § 841(a)(1) to run consecutively with the probation term of the split sentence. Barbour made a timely motion to strike and set aside his sentence alleging that a conflict in the statutory scheme rendered his sentence invalid. It is from the denial of that motion that Barbour appeals. While an examination of the statutes in question indicates that a conflict may exist in some instances, we need not reach that question in light of the facts in this case. We affirm the denial of Barbour's motion.

18 U.S.C. § 3651 provides, in pertinent part:

> Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court * * * may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

> *  *  *  *  *  *

> The period of probation, together with any extension thereof, shall not exceed five years.

21 U.S.C. § 841(b)(1)(A), one of the penalty provisions of the Drug Abuse Prevention and Control Act of 1970, provides for the imposition of a special parole term:

> * * * Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment * * *.

The Bureau of Prisons in response to the Drug Abuse Prevention and Control Act promulgated policies concerning the applicability of this special parole term in relation to the different sentencing procedures. In regard to the split sentence, the Bureau stated that

> The SPT [Special Parole Term] should be imposed upon imposition of a "Split Sen-

tence" (18 U.S.C. 3651). However, the SPT will not become effective if the subsequent period of probation is successfully completed. It will become effective only if probation is revoked and imprisonment for the remainder, or any part of the remainder of the sentence, is ordered.[1]

Barbour contends that since the total time that he has been sentenced to serve on probation (2½ years), together with the extension thereof under the special mandatory parole term (3 years) exceeds the five-year limitation mandated by 18 U.S.C. § 3651, the sentence is invalid and must be set aside.

It is clear that the sentence imposed on Barbour is authorized by statute; indeed, it is mandatory that the special parole term be imposed. But it is equally clear that a conflict can exist in some circumstances. Under the sentence imposed were Barbour to successfully complete his probation term the additional time served on special parole would exceed the five-year limitation of the split sentence statute. However, it is speculation at this juncture whether or not Barbour will successfully complete his probation. In the event that his probation is revoked and he is required to serve additional time in confinement, the total amount of time spent on probation and parole might be less than the five-year limitation under the statute.

This court would be faced with an entirely different question if Barbour had successfully completed his probation term and the government was requiring him to serve the full special parole term contravening the limitation of 18 U.S.C. § 3651. Since that contingency is not before the court, we decline to consider it now and hold only that the sentence imposed is not clearly invalid but permissible under the statutes. The resolution of this potential statutory conflict should be the responsibility of Congress after receiving the recommendations of the Department of Justice.

---

1. Bureau of Prisons, Policy Statement, Drug Abuse Prevention and Control Act of 1970, 7500.43, Jan. 18, 1973.