**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Billy Joe ENTREKIN,**
**Defendant-Appellant.**

**No. 81–3697.**

United States Court of Appeals,
Fifth Circuit.

May 14, 1982.

McPherson & Zainey, James A. McPherson, New Orleans, La., for defendant-appellant.

Virginia Bitzer, Dept. of Justice, New Orleans, La., for plaintiff-appellee.

Before RUBIN, REAVLEY and TATE, Circuit Judges.

PER CURIAM:

This is an appeal from a denial of a motion for reduction of sentence. The thrust of the defendant Entrekin's contentions is that his sentence was imposed illegally. We have reviewed Entrekin's arguments and find them without merit. We affirm the decision of the district court.

*Statement of the Case*

The defendant Entrekin was convicted of one count of conspiracy to commit mail fraud, 18 U.S.C. § 371, three counts of mail fraud, 18 U.S.C. §§ 1341 and 1342, and one count of making false declarations before a grand jury, 18 U.S.C. § 1623. The maximum term of imprisonment for each count was five years. On the conspiracy and false declaration counts, Entrekin was sentenced to concurrent one-year terms of imprisonment, and consecutive fines of $10,000. On the three mail fraud counts, Entrekin was sentenced to concurrent one-year terms of imprisonment with all but six months suspended, together with a three year probation term that was to commence after Entrekin served six months of the concurrent one-year terms imposed for the three counts.[1] Thus, by the terms of the sentencing, all five imprisonment sentences were made concurrent, both those partially suspended and those not suspended.

The present appeal arises from the denial of Entrekin's motion for reduction of sentence. Fed.R.Cr.P. 35. By it, he claimed that the sentence was ambiguous and could not be carried out in the manner intended by the district court. In denying Entrekin's motion, the court carefully and lucidly explained the operation of its intended sentence:

> Under the three concurrent one-year split sentences, the defendant will serve six months incarceration, whereupon the defendant will begin his three-year term of probation. Though the defendant begins serving probation after six months, he cannot be released from prison until he serves the two concurrent one-year sentences. Upon completion of the two concurrent one-year sentences, the defendant shall be released from prison to serve out the remainder of his three-year term of probation.

*Issues*

On appeal, Entrekin argues that: (1) the district court lacked the statutory authority to impose the "split" imprisonment/probation term on the three mail fraud counts to run concurrently with the remaining concurrent one year terms of imprisonment; and (2) the probationary term of his sentence is illegal because there is no custodial sanction available to impose on Entrekin should he violate his probation. According to Entrekin, his entire sentence expired when he served one year in custody on the two unsuspended sentences, because the one-year's imprisonment likewise satisfied the other three concurrent one-year split sentences.[2] We will consider each of these contentions in turn.

---

1. Entrekin's sentence read as follows:

   Count 1 (conspiracy): The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of one (1) year on Count 1 and is fined the sum of $10,000.

   Count 4 (mail fraud): The defendant is imprisoned for a period of one (1) year with all but six (6) months suspended and placed on probation for a period of three (3) years, to run concurrent with the sentence imposed in Count 1.

   Count 5 (mail fraud): The defendant is imprisoned for a period of one (1) year with all but six (6) months suspended and placed on probation for a period of three (3) years, to run concurrent with the sentence imposed in counts 1 and 4.

   Count 6 (mail fraud): The defendant is imprisoned for a period of one (1) year with all but six (6) months suspended and placed on probation for a period of three (3) years, to run concurrent with the sentence imposed in counts 1, 4 and 5.

   Count 7 (false declaration): The defendant is imprisoned for a period of one (1) year and fined the sum of $10,000.00 to run concurrent with the sentence imposed in Count 1, except the fine is to run consecutively to the fine imposed in Count 1.

2. Entrekin completed his imprisonment term shortly before we heard this argument. The only relief that we could grant is to strike the remainder off the probation term from Entrekin's sentence.

### 1. *Statutory Authority*

Entrekin's first argument is that the district court exceeded its statutory authority in imposing the sentence because under 18 U.S.C. § 3651, second paragraph—upon which the district court relied in imposing the "split" sentence on the three mail fraud counts—imposition of part imprisonment-part probation sentences is permissible only on one-count convictions, and only when the term of imprisonment does not exceed six months. In the present case, Entrekin argues, his "split" sentence was imposed on a multi-count conviction, and in connection with a term of imprisonment that exceeds six months.[3]

Entrekin relies on the legislative history surrounding the second paragraph of 18 U.S.C. § 3651. *See* S.Rep.No.2135, 85th Cong., 2d Sess., *reprinted in* 1958 U.S.Code Cong. & Ad.News 3841. Before section 3651 was amended to include its present second paragraph, combined imprisonment-probation sentences could be imposed only on multi-count convictions by virtue of the present first and third paragraphs of section 3651. In single-count indictments, the sentencing judge was faced with choosing either imprisonment or probation, but no combination of the two. The second paragraph of section 3651 was added to inject the same flexibility into one-count situations as existed in multi-count situations.[4]

Nevertheless, although the intent was to expand sentencing flexibility as to a conviction on a one-count indictment, we cannot find, as Entrekin suggests, any Congressional intent to *prevent* the imposition of mixed imprisonment-probation sentences in multi-count convictions. Rather, the

---

3. 18 U.S.C. § 3651 reads, in pertinent part, as follows:

   Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

   Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

   Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

   The court may revoke or modify any condition of probation, or may change the period of probation.

   The period of probation, together with any extension thereof, shall not exceed five years.

4. The legislative history of the present, second paragraph of 18 U.S.C. § 3651 reads, in part:

   The proposed legislation has been requested by the Administrative Office of the United States Courts.

   Under existing law (sec. 3651, title 18, U.S.C.), where a defendant is convicted of any offense not punishable by death or life imprisonment, the court may suspend the sentence and place the defendant on probation.

   It is clear that in such a case the court, under the existing law, must suspend the whole sentence and not just a part of it.

   There are many instances, however, where Federal judges feel that it would be in the public interest for probation to be granted only after the defendant has served a part of a sentence, that there should be some confinement before a grant of probation rather than having probation granted in place of the whole sentence.

   In practice, Federal judges have long achieved this result where a defendant is convicted on 2 or more counts by sentencing the defendant to some confinement on 1 count and granting probation on another count.

   1958 U.S.Code Cong. & Ad.News 3841, 3841. *See also United States v. Cohen,* 617 F.2d 56, 59 (4th Cir.),· *cert. denied,* 449 U.S. 845, 101 S.Ct. 130, 66 L.Ed.2d 55 (1980); *United States v. Wertheimer,* 434 F.2d 1004, 1006 (2d Cir. 1970).

amendment was meant to *expand* the sentencing prerogative to permit imprisonment and probation to be imposed on both single-count and multi-count convictions. In a multi-count context, the usual method of combining imprisonment and probation is to impose consecutive sentences, with the imprisonment counts to be followed by the suspended-sentence (probation) counts, *see, e.g., Smith v. United States*, 505 F.2d 893, 894 (5th Cir. 1974), but section 3651 does not compel such an arrangement. *Cf., United States v. Mekjian*, 505 F.2d 1320, 1322 (5th Cir. 1975) ("split" sentences imposed on multi-count conviction).

Entrekin argues that the first and third paragraphs of section 3651 permit mixed imprisonment-probation sentences in multi-count convictions, but that "split" sentences may not be imposed on the same count. The plain language of the statute belies Entrekin's contention in that the third paragraph of section 3651 provides: "Probation may be limited to one or more counts or indictments, but *in the absence of express limitation*, shall extend to the entire sentence and judgment." 18 U.S.C. § 3651 (2d paragraph) (emphasis supplied). In the present case, the district court explicitly limited the probation term of the sentence to begin after Entrekin served six months in custody.

## 2. The Absence of a Sanction

■ Entrekin next argues that because the district court imposed five concurrent one-year sentences, with three of those sentences "split" into six months' imprisonment and three years' probation, the time served in custody under the two concurrent terms of one-year of imprisonment must be credited toward Entrekin's "split" sentences. If he does not receive credit and violates the terms of his probation, Entre-

kin argues, he will have to serve an additional six months' imprisonment. This would mean that Entrekin could suffer a total of eighteen months' imprisonment, which would (he argues) effectively convert Entrekin's total sentence from one involving concurrent terms to one involving consecutive terms. Entrekin relies primarily on *Gaddis v. United States*, 280 F.2d 334 (6th Cir. 1960).

*Gaddis* involved concurrent sentences, one of which was wholly suspended and one of which was not.[5] The court held that Gaddis should receive credit on the *concurrent* suspended term for the time served on the unsuspended term. Unlike the ambiguous sentencing in *Gaddis* (see: "[T]his case has arisen under a most peculiar factual background, and its decision hinges thereon." 280 F.2d at 337), here the district court expressly provided that the concurrent sentences imposed would be concurrent insofar as *imprisonment* for the first six months only, but that the remainder of the partially suspended one-year sentences would be on probationary terms—just as the court could without question have provided had the five convictions resulted from five separate single-count convictions. We can find in this sentence no violation of the statutory discriminatory sentencing power of the trial judge.

Entrekin thus ignores the fact that he was convicted of five separate counts of a seven-count indictment. Each sentence is predicated on the commission of a separate offense. Even though Entrekin will complete serving his sentences on the conspiracy and false declaration charges after one year, this does not affect the suspended, but unexecuted, portion of the "split" sentences imposed on the three counts of mail fraud. These sentences are separate and distinct

5. In *Gaddis*, there was ambiguity concerning whether Gaddis's two sentences of one year's imprisonment and two years' imprisonment, suspended with probation, were to run concurrently or consecutively. The Sixth Circuit held that "In the absence of express language in the pronouncement of sentence fixing the date of commencement of probation, it is deemed to commence when the Judge imposes the sen-

tence." 280 F.2d at 336. The court also held that upon revocation of probation, Gaddis was entitled to receive credit toward his two-year sentence for the one year that he had already served in custody. We note that *Gaddis* did *not* involve a sentence of imprisonment and probation on one count. Rather, Gaddis's two-year sentence was originally suspended in its entirety, and probation was imposed.

from the two custodial sentences that Entrekin will have to serve in full. Further, our analysis does not violate *Gaddis* even in spirit, in that under the explicit terms of the district court sentence, Entrekin will be credited one day toward completion of his probation term for every day that he spends in custody pursuant to his unsuspended sentences.

*Conclusion*

We have examined Entrekin's contentions, and we find them without merit. Accordingly, we AFFIRM the district court's denial of Entrekin's motion for reduction of sentence.

AFFIRMED.