**UNITED STATES**

v.

**Thomas James BUSSEY.**

**Crim. No. 81–00018–01–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

July 21, 1982.

N. George Metcalf, Asst. U. S. Atty., Richmond, Va., for plaintiff.

Keith L. Phillips, Richmond, Va., for defendant.

## ORDER

WARRINER, District Judge.

On 28 June 1982 the Court received a letter from the defendant, Thomas J. Bussey, in which he noted a variance between the oral sentence imposed by the Court and the sentence set forth in the Judgment and Commitment Order subsequently filed by the Court. The Court will treat defendant's letter as a motion pursuant to Rules 35(a) and 36 of the Federal Rules of Criminal Procedure and DIRECTS that it be filed by the Clerk.

On 20 July 1981 Bussey was arraigned and pled guilty to a one count indictment charging violation of 18 U.S.C. § 751. At sentencing the Court addressed Bussey as follows:

> On your plea of guilty, the Court has heretofore found you guilty. It is now the judgment of the Court and the sentence of the Court accordingly that you be delivered into the custody of the Attorney General of the United States for confinement in prison for a period of 18 months.

Tr. at p. 24. The judgment and commitment order, however, in addition to stating the length of sentence also included that "the sentence imposed herein shall run consecutively to any sentence heretofore imposed on the defendant." Defendant contends that the reference to the consecutive running of the sentence in the commitment order should be struck as not reflective of the oral sentence of the Court.

The transcript reflects clearly the Court's omission to state what is its virtually uniform practice and what was its intent in this case—that the sentence imposed on the defendant should run consecutively to any other sentence previously imposed. The Court cannot recall an instance where it has imposed a "concurrent" sentence. The Court's policy in this regard is so undeviating that it has instructed the Clerk to draw up the commitment order to reflect the Court's intent to impose consecutive sentences in all cases as a matter of course whether or not such statement was actually made at the sentencing. Thus the language in the commitment order was not a clerical error but was proper compliance by the Clerk with the standing instructions of the Court. The error in this matter was the omission by the Court at sentencing. The Court's intention in this case, and in all other pertinent cases, was to impose a consecutive sentence and the omission at the sentencing hearing was a mere oversight.

Although the commitment order accurately reflects the Court's intent, the Court recognizes that the law appears to be more concerned with what a judge *says* at sentencing rather than what a judge *means*. It appears to be the law that a judge may not use the commitment order to override the unambiguous sentence orally imposed. "To the extent of any conflict between [the] written [commitment] order and the oral sentence, the latter is controlling. [citations omitted]. The proper remedy is for the District Court to correct the written judgment so that it conforms with the sentencing Court's oral pronouncements. Rule 35, Fed.R.Crim.P.; *Rakes v. United States,*

309 F.2d 686 (4th Cir. 1962), cert. denied, 373 U.S. 939 [83 S.Ct. 1543, 10 L.Ed.2d 694] (1963)." *United States v. Morse*, 344 F.2d 27, 29 (4th Cir. 1965).

There is some authority to the effect that where the oral pronouncement of sentence is ambiguous the judgment and commitment order may and should be used to clarify the actual intention of the sentencing judge, see *Baca v. United States*, 383 F.2d 154, 157 (10th Cir. 1967), but even where such ambiguity does exist the courts have generally ruled that doubt must be resolved in favor of the defendant. *United States v. Raftis*, 427 F.2d 1145, 1146 (8th Cir. 1970); *Gaddis v. United States*, 280 F.2d 334, 336 (6th Cir. 1960).

Thus in *Gaddis*, defendant pled guilty on a two count information. At sentencing, the Court imposed sentence on the first count and suspended sentence on the second count. The judgment and commitment order, however, provided for probation. At a subsequent probation violation hearing the defendant asserted that the oral sentence, which was silent as to probation, should control, and he should not be considered as being on probation at all. The Third Circuit overturned the district court's revocation of defendant's probation relying on the inconsistency between the oral sentence and the judgment and commitment order.[1]

> In the pronouncement, nothing was said about the sentences on the two counts being concurrent or consecutive. In the judgment of conviction, the sentences run consecutively. Where there is any ambiguity, the prisoner is entitled to have the language in the pronouncement construed most favorable to him. In the absence of express language in the pronouncement of sentence fixing the date of commencement of probation, it is deemed to commence when the Judge imposes the sentence. [citation omitted]. Gaddis was

therefore entitled to have the original sentences run concurrently.

280 F.2d at 336.

In *Borum v. United States*, 409 F.2d 433 (D.C.Cir.1967), cert. denied, 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230 (1969), defendant was convicted and sentenced on six counts of an eight count indictment, the Court specifying that the several sentences were to be served concurrently. At the time of sentencing, however, defendant was serving two other sentences consequent upon earlier convictions. The Court did not specify in its sentence whether the additional terms were to operate concurrently with or consecutively to the prior sentences. Several days later, however, the Court recalled the defendant and counsel "to clarify the record" stating that he had intended the recently imposed sentences to run consecutively to those which defendant was already serving. His commitment order, filed following the second hearing, so provided.

On appeal, the Court of Appeals for the District of Columbia struck down the trial court's "clarified" sentence:

> It was the [original] pronouncement of the sentences on June 10 that constitutes the judgment of the court. The order entered June 15 was efficacious only to the extent that it was consistent with the oral pronouncement, or effectuated a modification which the judge was then empowered to make. When appellant was originally sentenced the trial judge might, we assume, have exercised his discretion in the direction of sentences consecutive to those imposed in the earlier cases. But absent a specification of consecutiveness, multiple sentences operate concurrently. This is so whether they are pronounced contemporaneously or at different times, or pertain to the same or different matters. Here there was nothing whatsoever to indicate, when on June 10 the sentences were articulated, that they were not to be operative immediately.

1. In *Gaddis*, the defendant had voluntarily submitted to probation following his release on Count I. The Third Circuit, recognizing defendant's apparent awareness of the probation term and the statutorily required probation term that must accompany a suspended sentence, reasoned that the sentence had included probation. The case actually turned on whether the probation was to run concurrently with or consecutively to the sentence on Count I.

409 F.2d at 440 (footnotes omitted). As the court explained: "The pronouncement of sentence constitutes the judgment of the court. The authority for the execution of the court's sentence is that judgment. 'The commitment is mere evidence of such authority...'" 409 F.2d at 440 n. 28.

The Court also noted that the 15 June sentence unlawfully increased defendant's sentence.

The law is well settled, too, that a sentence in all respects legal cannot be increased after service is begun. "[T]he Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it." As we have had occasion to add, "[i]f appellant's first sentence was lawful a second sentence could not lawfully be imposed which increased it or made it more severe, once he had commenced serving confinement under it." It is conceded that when on June 15 appellant reappeared before the trial judge, judicial custody for purposes of trial had already been transformed into executive custody for execution of the several sentences imposed in this case. And the trial judge's "clarification" on that date had the necessary effect of increasing the aggregate term of imprisonment appellant was to serve in consequence of those sentences.

409 F.2d at 440–41 (footnotes omitted). Accordingly, the Circuit Court remanded the case directing that the provision purporting to designate consecutiveness in the sentences be deleted.

This Court is of the opinion that it cannot rely on the line of cases dealing with mere ambiguity in the oral pronouncement. In cases like *Baca v. United States*, supra, and *Scott v. United States*, 434 F.2d 11 (5th Cir. 1970), the courts distinguished a conflict between the oral pronouncement and written judgment, where the former controls, and a situation where there is ambiguity within the oral sentence. In the latter instance they say "[t]he actual intention of the sentencing judge is to be ascertained both by what he said from the bench and by the terms of the order he signed, or from his total acts." *Scott v. United States*, supra, at 20. See also, *Baca v. United States*, supra.

■ The language in the judgment and commitment order in this case correctly sets forth the Court's intent. There is nothing in the record elsewhere to support this as being the Court's intent. Although the variance between sentence pronounced from the bench and the sentence set forth in the commitment order might, on its face, be considered to create an ambiguity, such is not the holding of the cases. Thus we come face to face with the line of cases that hold that absent clear language to the contrary there is a presumption that sentences imposed on more than one offense at the same time, or at different times, will run concurrently. *Causey v. Civiletti*, 621 F.2d 691, 693 n. 2 (5th Cir. 1980); *Owensby v. United States*, 385 F.2d 58, 60 (10th Cir. 1967). See also, *Borum v. United States*, supra, at 440; *Gaddis v. United States*, supra, at 336. Such a presumption appears to be applicable here.

■ Faced with such authority, the Court concludes there is little leeway as to the course it must take in this matter. Although the Court here asserts that a sentence substantially more lenient than was intended will result, the Court concludes that it must conform the judgment and commitment order to the sentence imposed from the bench.

The courts are in some disagreement as to whether Rule 36 or Rule 35 is the appropriate means to remedy the current situation. In *Cook v. United States*, 426 F.2d 1358 (5th Cir.), cert. denied, 398 U.S. 932, 90 S.Ct. 1831, 26 L.Ed.2d 97 (1970) the court stated that "'Rule 36 is the appropriate remedy to make the judgment and commitment papers conform to the sentence pronounced orally, although some courts have spoken of Rule 35 as the applicable rule ... [but] it does not matter which rule is used.' Wright Federal Practice and Procedure, § 611 (1969)." 426 F.2d at 1360. Accordingly, pursuant to Rule 36 the Court ORDERS that that portion of the judgment

and commitment order referring to consecutive sentences is hereby struck and the sentence imposed by the Court on 20 July 1982 shall be served concurrently with any sentence theretofore imposed on the defendant.

The Clerk is DIRECTED to send a copy of this order to the United States Attorney for the Eastern District of Virginia, to the defendant, to the defendant's warden, and to the Attorney General of the United States.

And it is so ORDERED.