**UNITED STATES of America, Plaintiff,**

v.

**James C. GRAHAM, M.D., Defendant.**

**No. F Cr 83–15.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Feb. 14, 1984.

R. Lawrence Steele, U.S. Atty., David H. Miller, Deputy U.S. Atty., Hammond, Ind., for plaintiff.

Pete Pappas, James C. Clark, Indianapolis, Ind., Frank J. Gray, Fort Wayne, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is presently before the court on the Government's motion to clarify sentence. The defendant having been afforded the opportunity to respond thereto, this matter is now ripe for ruling.

On January 5, 1984, the defendant was sentenced to a term of three years' imprisonment and a fine of $5,000 on each of the fourteen counts on which he had previously been found guilty.[1] The fines were to run consecutively, i.e., to total $70,000, while the prison terms were to run concurrently. Of the three years imprisonment, all but thirty days were suspended, with three years supervised probation to follow the serving of the period of incarceration. Finally, and as a condition of probation, it was ordered that the defendant "give up and not be issued or apply for any federal or state licenses to dispense controlled substances."

■ In its motion for clarification of sentence, the United States of America argues that a statutorily mandated term of special parole required for those convicted under 21 U.S.C. § 841(a)(1) was inadvertently not imposed at this court's sentencing hearing of January 5, 1984. Because this court imposed a "split sentence"[2] under the broadly discretionary authority of 18 U.S.C. § 3651, the issue now before this court is whether the mandatory special parole terms of 21 U.S.C. § 841(b)(1)(B) are required when the sentencing court imposes a "split sentence" under 18 U.S.C. § 3651.

The nature of mandatory special parole under 21 U.S.C. § 841(b)(1)(B) was succinctly articulated in *DeSimone v. Norton,* 404 F.Supp. 964, 965–66 (D.Conn.1975):

The new Act was designed to permit greater flexibility in the imposition of restraints against those convicted on drug charges. *United States v. Richardson,* 483 F.2d 516, 518 (8 Cir.1973). Although there is now neither a required minimum sentence nor a ban on probation or parole in narcotic cases, the Act does prescribe that a "special parole term" of varying length (depending on the type of drug offense and whether the defendant has a prior offense and wheth-

---

1. The defendant was found guilty in a trial by jury of unlawful distribution of controlled substances (Schedules II, III, and IV), a violation of 21 U.S.C. § 841(a)(1) and 21 C.F.R. § 1306.-04(a).

2. Upon a conviction on one count, the court may impose a sentence of imprisonment for more than six months and provide that the defendant be confined for a stated period of six months or less and placed on probation with respect to the remainder of the sentence. 18 U.S.C. § 3651. This authority is limited to offenses punishable by imprisonment for more than six months but not punishable by death or life imprisonment. The provision was enacted to give the court some of the latitude in one-count cases that the mixed sentence affords in multiple-count cases, but there is authority for imposing split sentences as well. *United States v. Entrekin,* 675 F.2d 759 (5th Cir.1982). A. Partridge, A. Chaset & W. Eldridge, *The Sentencing Options of Federal District Judges* (Federal Judicial Center Revision, 1983), 6. Parenthetically, a more correct term might be that of "mixed sentence," defined as a "split sentence" imposed on a multiple-count conviction. *The Sentencing Options of Federal District Judges, supra,* at 5.

**314**

er the defendant has a prior record) be imposed in addition to a regular sentence.

The Bureau of Prisons has construed the special parole term to be a separate and independent sanction which begins after the regular sentence ends. Thus, if an inmate is paroled, the special parole term commences at the conclusion of the parole term of the basic sentence; if he is mandatorily released, the special parole term starts at the termination of supervision; and, if he is released because his sentence has expired, the special parole begins upon his discharge from confinement. Bureau of Prisons Policy Statement 7500. 43(4)(C) (1973).

■ As courts have repeatedly emphasized, the special parole terms of 21 U.S.C. § 841(b)(1)(B) are *mandatory*, and must be imposed in addition to the underlying sentence. *United States v. Samuelson,* 722 F.2d 425, 426 (8th Cir.1983); *United States v. Barbour,* 554 F.2d 846, 848 (8th Cir. 1977); *United States v. Watson,* 548 F.2d 1058, 1060 n. 3 (D.C.Cir.1977); *United States v. Simpson,* 481 F.2d 582, 583 N. 2 (5th Cir.), *cert. denied,* 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed.2d 553 (1973). The fact that the underlying sentence was a "split" or "mixed" sentence imposed under 18 U.S.C. § 3651 is irrelevant to the mandatory special parole terms dictated by 21 U.S.C. § 841(b)(1)(B). *United States v. Barbour, supra; see also* the court's opinion in *United States v. Faherty,* 692 F.2d 1258, 1261 (9th Cir.1982), and Judge Burns' separate concurring opinion at 1261–62 (addressing a similar mandatory special parole statute, 21 U.S.C. § 960, and its interplay with 18 U.S.C. § 3651).

Based on the above, it is now the ORDER of this court that the defendant be personally brought before this court for the purpose of resentencing on March 12, 1984, at 1:00 P.M. in Fort Wayne, Indiana. SO ORDERED.