817 F.2d 757
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose I. GONZALES, Defendant-Appellant.
 No. 86-2096.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1987.
 
 Before GUY and BOGGS, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant moves for counsel and a transcript on appeal from the district court's order denying his motion to correct or reduce sentence. Pursuant to Rule 9(a), Rules of the Sixth Circuit, this appeal has been referred to a panel of the Court for consideration.
 
 
 2
 The defendant pled guilty to a probation violation charge. He received a four year sentence. In the district court, the defendant was represented by counsel who filed the motion to correct or reduce the sentence. He alleged a jurisdictional issue, a double jeopardy issue, and an issue concerning the concurrent nature of the sentence.
 
 
 3
 The district court held that it had jurisdiction because the sentence was not ambiguous, distinguishing Gaddis v. United States, 280 F.2d 334, 336 (6th Cir. 1960) (per curiam). The court also held that the charge underlying the probation violation (possession of a firearm while being a felon) involved an element not found in the other offenses of which he was convicted, distinguishing Ball v. United States, 470 U.S. 856, 861 (1985). We agree with these conclusions of the district court.
 
 
 4
 Concerning the concurrent nature of the sentence, the general rule is that sentences imposed by a federal district court are administered by the Attorney General. 18 U.S.C. Sec.Sec. 3568 and 4082(a). While the district court may recommend that a federal sentence be served in a state facility concurrently with a state sentence, the Attorney General has discretion whether he will follow the recommendation. United States v. Sackinger, 704 F.2d 29, 30 (2d Cir. 1983) (and cases cited there). The transcript of the probation violation hearing in this case shows that the defendant was clearly advised of this fact. So this issue is also without merit.
 
 
 5
 Finally, the defendant argues in his informal brief that he was improperly denied a preliminary hearing on his probation violation charge. Because the defendant pled guilty to the charge, he has waived all nonjurisdictional defects that arose before the taking of the plea. Kowalak v. United States, 645 F.2d 534, 537 (6th Cir. 1981). Therefore, he cannot raise this issue on appeal. The motion for a transcript is without merit for the same reason.
 
 
 6
 The motions for counsel and a transcript are denied. The order of the district court is affirmed under Rule 9(b), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.