UNITED STATES of America, Plaintiff,

v.

Russell REED, Defendant.

No. 90–1–T–PROB.

United States District Court,
S.D. Florida.

Oct. 18, 1990.

Leah A. Simms, Asst. U.S. Atty., for U.S.

Martin R. Raskin, Raskin & Graham, P.A., Miami, Fla., for Russell Reed.

SCOTT, District Judge.

This Cause is before the Court upon the defendant Russell Reed's ("REED") Motion for Immediate Discharge from Custody. After carefully reviewing the record and applicable case authority, the Court is prepared to rule.

### I. FACTUAL BACKGROUND

Reed has brought to this Court a criminal resume containing several dubious entries. Among such entries is a 1980 conviction in the Eastern District of New York for the violation of several federal statutes.[1] Specifically, Reed was convicted of violating Title 18 U.S.C. §§ 371, 1341 and 2; Title 15 U.S.C. §§ 78j(b), 78ff; and Title 17 C.F.R. 240.10b–5. On June 10, 1980, Reed was sentenced for these misdeeds. The following represents the sentence imposed by United States District Judge George Pratt:

1. *Counts 1 and 3:* A term of five years imprisonment was imposed on each Count. These terms were to run concurrently to each other.

2. *Counts 2 and 4:* A term of two years imprisonment was imposed on each Count. These terms were to run concurrently to each other and consecutive with Counts 1 and 3.

3. *Count 5:* A term of imprisonment of five years was imposed on this Count. However, execution of the prison term was suspended and Reed was placed on probation for five years. This probationary term was to run consecutive

1. This case was styled: *United States of America v. Russell Reed,* Case No. 79–Cr–515(a).

to the terms of imprisonment imposed under Counts 1–4.

4. The probationary term was to commence upon Reed's release from confinement.

5. In addition, a monetary fine was imposed against Reed.

On February 24, 1983, Reed was paroled from prison. Thereafter, on two occasions Reed violated the terms of his parole and on each occasion was incarcerated.[2] Subsequently, Reed violated the conditions of his probationary term.

As a result of these criminal transgressions, the United States Probation Office requested that this Court issue an arrest warrant for Reed. This was done on May 7, 1990. Not long after this arrest Reed was convicted in this Court of various probation violations. Following this conviction Reed was remanded into custody.[3] It is during his current tenure with the Bureau of Prisons that Reed filed the motion under consideration.

In essence, Reed alleges that his term of probation ended four months prior to his 1990 arrest on the warrant of violation. Thus, Reed contends that his present incarceration is unlawful. Having duly considered the arguments advanced by counsel, the Court must now reject Reed's contentions.

## II. LEGAL ANALYSIS

Reduced to its simplest terms, the issue involved is whether Judge Pratt intended the term of probation to run concurrent or consecutive to the term of parole.

In this regard, Judge Pratt himself certainly provided a clear indication of his intent when he modified the Judgment and Commitment Order to exclude that portion which stated "[p]robationary period to commence upon defendant's release from confinement."[4] Furthermore, the sentencing transcript includes the following statement by Judge Pratt:

> ... and the defendant is placed on probation for a period of five years, consecutive to the *prison sentences* described in counts two and four. (emphasis supplied).

In this context, a "prison sentence" must necessarily include parole and any other attendant forms of supervisory release. Otherwise, a sentencing judge would lose the ability to control the severity of a given sentence. It is evident from the express terms of the Judgment and Commitment Order that Judge Pratt desired Reed to be under some form of custodial supervision for a period of twelve years. Indeed, by way of illustration, if Reed had been paroled after serving only two of the prescribed seven years of imprisonment [with five years of parole], then the five years of probation would be absolutely meaningless. Certainly, it is not the intent of the federal statutes which govern these issues to grant the parole board the unilateral right to vitiate the clear intent of the sentencing judge with regard to the probationary features of a given sentence.[5] Therefore, under the circumstances involved herein, the Court is compelled to conclude that Judge Pratt intended the term of parole to run

**2.** Specifically, on July 29, 1985, Reed was incarcerated for a parole violation. On November 5, 1986, Reed was released was prison. Once again, on February 6, 1987, Reed was incarcerated for a parole violation. On September 10, 1987, Reed was again released from prison. Then on May 7, 1990, Reed was arrested for violating the conditions of his probation.

**3.** Reed is scheduled to be sentenced on October 22, 1990, in the Southern District of Florida.

**4.** This modification was made by Judge Pratt shortly after the time of sentencing.

**5.** Moreover, when there exists a conflict between the oral and written versions of the same

sentence, it is proper for the court to amend the Judgment and Commitment Order to reflect the appropriate sentence. *See,* Fed.R.Crim.P. 36. *Cook v. United States,* 426 F.2d 1358, 1360 (5th Cir.), *cert. denied,* 398 U.S. 932, 90 S.Ct. 1831, 26 L.Ed.2d 97 (1970) ("Rule 36 is the appropriate remedy to make the judgment and commitment papers conform to the sentence pronounced orally"); *United States v. McAfee,* 832 F.2d 944 (5th Cir.1987) (judgment which was silent as to whether the sentence was to be consecutive or concurrent was properly corrected to reflect consecutive sentence); *Johnson v. Mabry,* 602 F.2d 167 (8th Cir.1979).

consecutively to the term of probation.[6]

## III. CONCLUSION

Based upon the foregoing analysis and the authorities cited therein, it is hereby ORDERED and ADJUDGED that the motion for immediate discharge from prison is DENIED.

DONE and ORDERED.

**6.** By way of limitation, today's opinion should not be read as disapproving of a concurrent term of parole and probation. Rather, this opinion is factually sensitive and focuses upon the intent of the sentencing judge.