United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50358
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL RENTERIA NUNEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:98-CR-119
USDC No. 4:00-CR-425
USDC No. 4:01-CR-65-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Daniel Renteria Nunez (Renteria), federal prisoner # 88091-080, appeals the district court's denial of his motion to correct pursuant to FED. R. CRIM. P. 36.  Renteria maintains that an error was made in the written judgments because they fail to reflect the district court's oral pronouncement at sentencing that his sentences in No. P-01-CR-065-F and No. P-00-CR-425-F were to run concurrently with his prior sentence imposed in No. P-98-CR-119-F.  Federal Rule of Criminal Procedure 36 authorizes the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing court to correct technical, clerical mistakes in judgments, orders, or other parts of the record at any time. See FED. R. CRIM. P. 36; Accardi v. Blackwell, 412 F.2d 911, 913 (5th Cir. 1969). "Rule 36 is the appropriate remedy to make the judgment and commitment papers conform to the sentence pronounced orally." Cook v. United States, 426 F.2d 1358, 1360 (5th Cir. 1970) (internal quotations and citation omitted).

Renteria's contention that the district court ordered his sentences in No. P-01-CR-065-F and No. P-00-CR-425-F to run concurrently not only with each other, but with a prior sentence imposed in No. P-98-CR-119-F, is refuted by the transcript of the sentence hearing. At sentencing, the court ordered that the sentences in No. P-01-CR-065-F and No. P-00-CR-425-F were to run concurrently. The court made no comment on the concurrency of the sentence in No. P-98-CR-119-F in relation to the sentences in No. P-01-CR-065-F and No. P-00-CR-425-F. The written judgments reflected that the sentences in No. P-01-CR-065-F and No. P-00-CR-425-F were to run concurrently with one another but were silent with regard to Renteria's sentence in No. P-98-CR-119-F. Thus, the district court made no clerical error in its written judgments, and it did not err in denying Renteria's motion. As the appeal lacks arguable merit, it is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, the instant appeal is DISMISSED. See 5th CIR. R. 42.2