[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11713

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMILLA CIAR HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:20-cr-00016-AW-MAF-1

_____

Before WILLIAM PRYOR, Chief Judge, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Jamilla Ciar Hall appeals an order that corrected her judgment of restitution. *See* Fed. R. Crim. P. 36. The district court corrected its written judgment to clarify that restitution was owed immediately. We affirm.

Hall pleaded guilty to one count of conspiring to commit mail fraud, 18 U.S.C. § 1349, five counts of mail fraud, *id.* §§ 2, 1341, and one count of aggravated identity theft, *id.* § 1028A, for her fraudulent liquidation of five prepaid college accounts owned by other persons. Hall agreed to pay restitution of $42,500 to Intuition College Savings Solutions and $353.40 to an individual victim. Hall's presentence investigation report recommended waiving the fine for Hall's offense level of 13 due to her inability to pay, *see* U.S.S.G. § 5E1.2(c)(3); imposing a mandatory $700 special assessment, 18 U.S.C. § 3013; and requiring Hall, as a condition of her supervised release, to "make payments toward any unpaid restitution in an amount of not less [than] $150.00 per month, to begin within 60 days of release from imprisonment."

At sentencing, the district court denied Hall's request to reduce the payments she was required to make "towards any unpaid restitution [of] no less than $150 per month" during her term of supervised release. Hall acknowledged she owed "a large

restitution amount" that, "if she did come into money, . . . would be due and payable right away" and that "[a]lso at the end of her supervised release, whatever is left, . . . [would] be an enforceable restitution judgment." Hall feared having inadequate resources to make monthly payments and "end[ing] up here on a violation of supervised release." The district court reassured Hall that she was "capable of getting good work" and offered to reassess the amount of her payments later "if it need[ed] to be revisited . . . ."

The district court sentenced Hall to six concurrent terms of nine months of imprisonment for her conspiracy and mail fraud crimes and to a consecutive term of 24 months of imprisonment for her identity theft crime, followed by three years of supervised release. The district court announced that Hall would be "required to comply with all . . . the recommended conditions that are set out in the presentence investigation report" during her term of supervised release. The district court ordered Hall to pay the mandatory "$100 special assessment for each of the counts" for "a total of $700," but it imposed no "fine based on [its] conclusion that [Hall was] unable to pay a fine." The district court also "ordered [Hall] to pay restitution in the amount of $42,500 to the Intuition College Savings Solutions" and $353.40 to an individual victim.

The written judgment required Hall to pay $43,553.40 in criminal monetary penalties. Consistent with Hall's presentence investigation report, the judgment included as an additional condition of supervised release that she "make payments toward any unpaid restitution in an amount of not less than $150.00 per month,

to begin within 60 days of release from imprisonment." But the schedule of payments ordered Hall to make a "[l]ump sum payment of $700 due immediately, balance due" by "[p]ayment in equal monthly . . . installments of $150 over a period of years . . . to commence 60 days . . . after [her] release from imprisonment to a term of supervision."

The government moved to correct the written judgment to reflect that Hall's restitution was "due and payable in full immediately." *See* Fed. R. Crim. P. 36. The government asked the district court to make the correction to reflect its intention at sentencing to make all of Hall's restitution to be due immediately and to impose as a condition of supervised release that she continue to reduce any unpaid restitution by making minimum monthly payments of $150. Hall opposed the motion on the ground that the government sought a "substantive change in the sentence." In her response, Hall "concede[d] that [her] counsel was aware of the [District] Court's general practice to make restitution payable immediately[, but contended] that is apparently not what was orally pronounced at [her] sentencing."

The district court granted the motion to correct the written judgment. *See id.* The district court identified a discrepancy between its written judgment, which required Hall to pay restitution in installments, and its oral pronouncement, which never "mention[ed] installments." Based on the statutory presumption that restitution payments are due "immediately, unless, in the interest of justice, the court provides for payment on a date certain or in

installments," 18 U.S.C. § 3572(d)(1), the district court determined that, "by not imposing another payment schedule at sentencing, [it] imposed the default: immediate payment." The district court also clarified that the condition of supervised release requiring Hall "to make payments toward *unpaid* restitution [did] not mean that all restitution was not due immediately," as evidenced by defense counsel's remark that if Hall "came into money [restitution] would be due and payable right away." Because "the written judgment [did] not square with what was announced at sentencing," the district court corrected the written judgment to "specify[] that Hall's monetary penalties are due immediately."

We review *de novo* the correction of a written judgment under Federal Rule of Criminal Procedure 36. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

Rule 36 permits the district court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "If the oral sentence is ambiguous, then, in an attempt to discern the intent of the district court at the time it imposed sentence, the reviewing court may consider extrinsic evidence . . . ." *United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990) (citing *United States v. Villano*, 816 F.2d 1448, 1453 (10th Cir. 1987)). We look at "[s]uch extrinsic evidence as the judgment . . . , the judge's intentions, or the defendant's understanding of what he believes the sentence to be . . . ." *Villano*, 816 F.2d at 1453.

The record establishes that the district court intended, and the parties understood, that all of Hall's restitution would be payable immediately and that she would be required, during her term of supervised release, to reduce the amount of unpaid restitution by making minimum monthly payments of $150. Hall acknowledged at sentencing that restitution was "due and payable right away" when she asked the district court to reduce the monthly payment plan proposed "in the presentence report" so she would not "end up . . . [with] a violation of supervised release." The plan in the presentence report, which the district court expressly adopted and quoted verbatim in its written judgment, provided for Hall during supervised release to reduce "any *unpaid* restitution." That language necessarily implied that Hall owed restitution while in prison where she might pay at least some of it before starting her supervised release. Indeed, restitution ordinarily is due immediately after sentencing, 18 U.S.C. § 3572(d)(1), and defense counsel knew the district court had a "general practice to make restitution payable immediately."

Hall argues that the district court "did not pronounce restitution due immediately because [it] adopted the probation officer's finding that Hall did not have the present ability to pay," but we disagree. The district court adopted the recommendations in Hall's presentence investigation report to waive a fine and to require minimum payments of "any unpaid restitution" during supervised release. The district court made Hall's restitution due immediately despite her financial status because "[i]mmediate payment does not

mean immediate payment in full; rather it means payment to the extent that the defendant can make it in good faith, beginning immediately," *United States v. McIntosh*, 198 F.3d 995, 1004 (7th Cir. 2000) (internal quotation marks omitted and alteration adopted). And by waiving the fine, the district court enabled Hall to devote her scant financial resources to make her victims whole sooner.

In *Portillo*, we affirmed the use of Rule 36 to correct a written judgment to comport with the record. 363 F.3d at 1165. The sentence that the district court orally pronounced and its written judgment required Portillo to pay restitution "jointly and severally" with his coconspirator. *Id.* at 1164. But because Portillo's coconspirator "had not been ordered to pay restitution" when sentenced two years earlier, the district court *sua sponte* entered a corrected judgment that deleted the phrase "jointly and severally" from its terms of restitution. *Id.* at 1165. We stated the "correction was proper under Rule 36" because it "allow[ed] the [district] court to 'correct an error in the record arising from oversight or omission.'" *Id.* (quoting Fed. R. Crim. P. 36). And we explained that the correction was not substantive because Portillo "was fully liable for payment of the restitution amount" in both the original and the amended judgment orders. *Id.*

As in *Portillo*, the district court could correct its written judgment under Rule 36 to conform to the record. The "correction [of Hall's written judgment] was proper under Rule 36" because the district court was "correct[ing] an error in the record arising from [its] oversight" to make Hall's restitution, as her counsel

stated at sentencing, "due and payable right away." *See Portillo*, 363 F.3d at 1165 (quoting Fed. R. Crim. P. 36). And the correction "did not make [Hall's] sentence more onerous" because it did not change the amount of restitution owed. *See id.*

Hall argues that the district court violated her "constitutional right to be present" when it corrected the clerical error in its judgment, but our precedents foreclose this argument. We held in *Portillo* that, "while it may be preferable to have the defendant present when the court corrects clerical errors in the judgment under Rule 36, 'the defendant's absence cannot rise to a deprivation of due process.'" *Id.* at 1166 (quoting *Cook v. United States*, 426 F.2d 1358, 1360 (5th Cir. 1970)). We explained that "the right to be present at one's sentencing 'does not translate into a right to be present whenever judicial action modifying a sentence is taken.'" *Id.* (quoting *United States v. Jackson*, 923 F.2d 1494, 1496 (11th Cir. 1991)). Because the "Rule 36 order . . . did not amount to a resentencing wherein [Hall's] sentence was substantively changed," *id.*, she had no right to be present when the district court corrected its written judgment.

We **AFFIRM** the order correcting Hall's judgment of restitution.