**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David BENTLEY, Defendant–Appellant.**

**No. 87–2440.**

United States Court of Appeals, Seventh Circuit.

Submitted June 13, 1988.

Decided June 28, 1988.

David Bentley, Eglin Air Force Base, Fla., pro se.

David J. Stetler, Asst. U.S. Atty., David M. Taliaferro, Sp. Asst. U.S. Atty., Victoria J. Peters, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, EASTERBROOK, and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

David Bentley was convicted of mail and wire fraud for running a boiler room opera-

tion that sold non-existent precious metals. After we affirmed, *United States v. Bentley*, 825 F.2d 1104 (7th Cir.1987), he asked the district court to reduce his sentence under Fed.R.Crim.P. 35(a).[1] The motion correctly pointed out that the sentence was illegal, because the district court had imposed terms of twelve years' imprisonment on some of the counts, while the statutes allow but five. See 18 U.S.C. §§ 1341 and 1343. The district court vacated the illegal sentences and resentenced Bentley, which did him no good. The court replaced the concurrent twelve-year sentences with a package of concurrent and consecutive sentences adding to twelve years.[2] The district judge simply used a different way to implement his original intention. Bentley contends that the judge's only option was to reduce the term on each count from twelve years to five, leaving their concurrent service in place. To do otherwise, he maintains, violates both Rule 35 and the Double Jeopardy Clause of the fifth amendment.

The version of Rule 35(a) in effect at the time the district judge resentenced Bentley provided that "[t]he court may correct an illegal sentence at any time".[3] One corrective would have been a reduction of each term to five years while leaving their service concurrent. Rule 35(a) did not say *how* the correction is to be accomplished or provide that the correction may not entail an increase. The sentence in this case was "illegal" not because of its aggregate length—Bentley, convicted on 22 counts of fraud, could have been given 22 five-year terms, or 110 years in all—but because of the way in which the district court constructed the package. Nothing in the language or history of Rule 35(a) prevents a court from rebuilding the edifice to carry out the plan, so long as the reconstruction

also eliminates the illegal feature of the first package.

To put this in more technical detail, nothing prevents a district court from correcting the illegal sentence by resentencing the defendant, as the judge did here. On resentencing, the court possesses all of the options initially open, including a choice between concurrent and consecutive terms under 18 U.S.C. § 3584(a).[4] It may be that in conducting such a resentencing the court is forbidden to make the total punishment harsher. Under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Due Process Clause prohibits a retaliatory increase in a sentence, and we assume that Rule 35 authorizes no such thing. We are confident, however, that if illegal sentences in the original package foil the district court's original plans, the court may start anew and arrive at a punishment no more severe in aggregate than the first. Our court has concluded that whenever a reversal on appeal undoes a sentencing plan, or even calls the plan into question, the district court should be invited to resentence the defendant on all counts in order to achieve a rational, coherent structure in light of the remaining convictions. E.g., *United States v. Manzella*, 791 F.2d 1263, 1270 (7th Cir. 1986); *United States v. Thomas*, 788 F.2d 1250, 1260 (7th Cir.1986). We concluded in *United States v. Shue*, 825 F.2d 1111, 1113–14 (7th Cir.1987), that the district court may resentence the defendant under Rule 35 even if this court neglects to vacate every component of the package.

Given *Shue*, nothing but pointless formalism would support a distinction between a sentencing plan disrupted by the vacatur of some counts on appeal and a plan shattered by the district court's own recognition that the plan was infested with

---

1. While the case was still on appeal, Bentley filed a motion to reduce sentence, which the district court granted. The court vacated that decision, recognizing that it was without jurisdiction during the appellate process. We disregard this false step.

2. Both sentencing packages had additional, consecutive sentences of five years' probation, which we disregard.

3. A new Rule 35(a) went into effect on November 1, 1987, as part of the new guideline system. We disregard this, too.

4. Yet another statute that was interred by the 1984 revamping of the sentencing code—a qualification we shall at last stop repeating.

error. We suppose that a district judge might deny the Rule 35 motion and acquire the power to resentence the defendant after the inevitable reversal, but what would be the point? In either event, whenever the district court must revise one aspect of the sentencing scheme, it is permitted by Rule 35 to revise the rest. The district court may act without waiting for instructions or permission. Cf. *Standard Oil Co. v. United States,* 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976); *Communication Workers v. NLRB,* 784 F.2d 847, 849–50 (7th Cir.1986).

*United States v. Henry,* 709 F.2d 298 (5th Cir.1983) (en banc), on which Bentley relies, takes a different tack, holding that the district court must leave untouched any sentences (or portions of sentences) neither unlawful nor challenged by the defendant. We disagreed with *Henry* in *Shue,* 825 F.2d at 1113–14 n. 7. The Fifth Circuit has itself disavowed much if not all of *Henry* in recent cases, see *United States v. Colunga,* 786 F.2d 655, 658 n. 4 (5th Cir.1986); *United States v. Crawford,* 769 F.2d 253 (5th Cir.1985). The Ninth Circuit recently followed *Henry* in an opinion that disagreed with *Shue* in a footnote, accusing our court of not having done its homework. *United States v. Minor,* 837 F.2d 841 (9th Cir.1988), amended on denial of rehearing, 846 F.2d 1184 at 1189 n. 5 (1988). The Ninth Circuit did not cite *Colunga* or *Crawford.* With all respect to our colleagues on the west coast, we believe that *Shue* was well thought out and correctly decided. We adhere to it today.

■ The Double Jeopardy Clause does not interfere with this disposition. We know from *Bozza v. United States,* 330 U.S. 160, 165–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947), that the Clause permits a district court to correct an illegal sentence by increasing it. Bentley insists that the statute in *Bozza*-which required both a fine and imprisonment on conviction—required the increase; here no statute required the district court to impose consecutive sentences. That the statute at issue in *Bozza* required a higher sentence can't matter; no statute may authorize a violation of the Double Jeopardy Clause. One may more readily draw the opposite lesson from *Bozza:* the court may alter the sentence to correct an illegality even though the change produces an increase in the net sentencing package; our case, which involves no net increase, seems easier. As the Court concluded in *Bozza,* using words equally applicable to Bentley's argument under Rule 35(a): "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." 330 U.S. at 166–67, 67 S.Ct. at 649.

*Bozza* is not the last word. Both *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), and *Pennsylvania v. Goldhammer,* 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985), conclude that courts may increase sentences without violating the Double Jeopardy Clause. *DiFrancesco* held that a sentence may be increased on appeal; a sentence expressly subject to review does not generate the kind of legitimate expectations of finality that the Double Jeopardy Clause protects. And *Goldhammer* approved the reconstruction of a sentencing package, including an increase in some of its constituent parts, to carry out the original plan after the reversal of other counts on appeal. Neither case is exactly like Bentley's, but as we concluded in *Shue,* they establish, taken together, that "the double jeopardy clause does not bar resentencing ... so long as the new sentence conforms to statutory limits and effectuates the district court's original sentencing intent." 825 F.2d at 1115 (footnote omitted). See also *United States v. Jefferson,* 760 F.2d 821, 822–24 (7th Cir.1985) (the court may increase the sentence on an unchallenged count, consistent with the Double Jeopardy Clause, in order to maintain the integrity of the original package). The defendant's "legitimate expectation could be only that, if successful [on his motion] ... he would not be given a greater sentence than that previously imposed as punishment", *Shue,* 825 F.2d at 1115. Bentley received the same net sentence he had before. Since the package was not increased, none of his legitimate expectations has been disregard-

ed. There is no conceivable difficulty under the Due Process Clause either. Compare *North Carolina v. Pearce* with *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). The resentencing complied with both Rule and Constitution.

AFFIRMED.