**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Fred S. BRASLAWSKY, Defendant–Appellant.**

**No. 90–3732.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 23, 1991.

Decided Dec. 20, 1991.

Daniel P. Bach, Asst. U.S. Atty., Office of U.S. Atty., Madison, Wis., argued, for plaintiff-appellee.

Charles K. Piet, Chicago, Ill., argued, for defendant-appellant.

Before COFFEY and FLAUM, Circuit Judges, and ENGEL,* Senior Circuit Judge.

ENGEL, Senior Circuit Judge.

Defendant, Fred S. Braslawsky, appeals from the district court's order of restitution for his conviction on one count of interstate transportation of stolen property. Braslawsky argued that by imposing restitution in the amount of $28,058.40 when the crime of conviction resulted in damages of only $13,364.00, the court exceeded its sentencing authority under 18 U.S.C. § 3663, as interpreted by the Supreme Court in *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). The district court disagreed, holding that where a defendant agrees to pay a specific amount of money, the court could impose that amount in restitution without violating the mandate of *Hughey*. For the reasons which follow, we reverse the court's determination of restitution, and remand.

I.

Between October 1987 and December 1988, Fred Braslawsky and two other men operated a burglary ring. The pre-sentence investigation and other material before the district court showed the men would steal recreational vehicles and clothing from dealerships in Wisconsin and transport the goods to Illinois to be sold. After eleven burglaries, local law enforcement and the FBI caught up with Braslawsky and his cohorts.

Braslawsky agreed to cooperate with the FBI, and offered them information about

* Honorable Albert J. Engel, Senior Circuit Judge with the United States Court of Appeals for the Sixth Circuit, sitting by designation.

the group's operation. In return, the government allowed Braslawsky to plead guilty to only one count of interstate transportation of stolen property. *See* 18 U.S.C. § 2314. This charge related to the theft of three snowmobiles and some clothing worth $13,364.00 from a dealership in Wisconsin and Braslawsky's subsequent transport of the goods to Illinois. Braslawsky also agreed to pay restitution in an amount to be agreed to by the parties or to be set by the court.

At Braslawsky's initial sentencing, the government submitted to the court a letter showing the dollar amount of all goods allegedly stolen in all counts, including those dismissed as part of the plea agreement. The government's letter divided this total, $84,175.18, by three in order to apportion the damages between Braslawsky and the other two participants in the crimes. According to the letter, "[t]he purpose of arranging the chart in this manner is to afford the Court the opportunity to hold Mr. Braslawsky accountable for one-third of the value of the property stolen" ($28,-058.40). Braslawsky did not dispute the government's "arithmetic," but argued he would have difficulty paying that amount. The district court sentenced Braslawsky to twenty-one months in prison and ordered him to pay $28,058.40 in restitution. Braslawsky appealed asserting that the district court misapplied the sentencing guidelines. This court agreed in part and reversed his sentence of imprisonment. *United States v. Braslawsky*, 913 F.2d 466 (7th Cir.1990). On remand, the court sentenced Braslawsky to sixteen months in prison, and again ordered restitution of $28,058.40. The question of the propriety of the order as it related to restitution was neither raised nor decided in the first appeal.

Braslawsky now appeals the restitution order.[1] He argues that the court could not impose restitution for more than $13,-364.00, the amount taken in the crime to which he pled guilty. He bases this argument on *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990) (court may order restitution under 18 U.S.C. § 3663 only for the crime of conviction). The district court rejected Braslawsky's argument, finding that courts could enforce plea agreements where, as in this case, the defendant had promised to pay a specific amount of money.

## II.

This case presents two main issues. The first is whether in fact Braslawsky entered into an agreement to pay a specific sum of money in restitution. Second, if such a specific agreement was made we must determine whether the *Hughey* interpretation of section 3663 allows the district court to order restitution for an agreed amount higher than that involved in the count to which a guilty plea was tendered.

The Victim and Witness Protection Act authorizes restitution payments through the provisions of 18 U.S.C. § 3663.[2] In *Hughey v. United States, supra* the Supreme Court held that this section permitted orders covering only the offense of conviction, not all crimes with which the defendant had been charged. Hughey had protested the district court's order that he pay restitution for the unauthorized use of twenty-one cards when he had pled guilty to the use of only one card. The Court agreed with Hughey that the district court had exceeded its sentencing authority under section 3663. Congress had "authorize[d] an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Hughey*, 110 S.Ct. at 1981. Consequently, Hughey could only be sentenced to pay restitution for the use of one card.

The government argues that the district court here correctly limited *Hughey* to cases in which no specific agreement as to the amount to be paid had been reached. This argument has two flaws. First, this is not a case in which an agreement to pay a

---

**1.** Neither party challenges the court's ability to hear this appeal on grounds that defendant could have but failed to challenge the identical imposition of the first sentence.

**2.** Section 3663 provides in relevant part, "[t]he court, when sentencing a defendant ... may order ... the defendant make restitution to any victim of *such* offense," (emphasis added).

certain amount of money has been made. A unilateral letter written in October 1989 by the government contains the only mention of a specific sum of money, and it does not clearly state that the defendant agreed to pay "x dollars." Rather, the letter simply provides, "the defendant and the government have reached an agreement upon the amount of restitution owed in this case," and lists dollar amounts "to afford the Court the opportunity to hold Mr. Braslawsky accountable for one-third of the value of the property stolen." The government asserts that the statement in its letter, to which defense counsel acceded, was a specific agreement to pay one-third of the total involved in all counts, the amount actually imposed as restitution by the sentencing order. Our review of the entire record at the time of sentencing, however, shows this to be ambiguous at best and more probably intended by defense counsel to signify an acceptance of the accuracy of the government's arithmetical calculation. This is particularly persuasive because of the specific discussion between court and counsel of the construction of *Hughey, supra,* as applied to the instant case. Thus, the October 1989 letter is best understood as a balance sheet, binding on neither party.

The limited view of *Hughey* posited by the government, and adopted by the district court, presents the second problem with the government's approach. Even if Braslawsky had entered into an agreement to pay a specific sum in restitution beyond the damages from the crime of conviction, the district court lacked the authority to issue a restitution order in that amount. Section 3663 and *Hughey* clearly limit the amount of restitution which can be ordered to "the loss caused by the specific conduct that is the basis of the offense of conviction."[3] *Hughey,* 110 S.Ct. at 1981. Nothing in *Hughey* indicates that the parties

could agree to waive the statutory limitation to permit the court to impose an order for a higher amount. *See United States v. Snider,* 945 F.2d 1108 (9th Cir.1991); *But see United States v. Marsh,* 932 F.2d 710 (8th Cir.1991). By ordering payment of a restitution amount greater than the damages from the crime of conviction, even if the defendant agreed to the amount, the district court exceeded its statutory sentencing authority.[4]

The government further attempts to use the rationale of *United States v. Duvall,* 926 F.2d 875 (9th Cir.1991) to justify the restitution order in this case. In *Duvall,* the Ninth Circuit upheld a restitution order for an amount exceeding the damage from the crime of conviction as a special condition of probation under 18 U.S.C. § 3651 (repealed). Because section 3651 authorized the order, the *Hughey* limitation on section 3663 orders did not apply, and the court upheld the restitution order. Here, section 3651 is clearly inapplicable. The crime of conviction for Braslawsky occurred in December 1988. Section 3651 applies only to crimes committed prior to November 1, 1987. Therefore, the order could only have been issued under section 3663, and the mandate of *Hughey* applies.

Nor can the rationale of *United States v. Bennett,* 943 F.2d 738 (7th Cir.1991), save this order. In *Bennett,* the defendant had been convicted of two counts of mail fraud, and the court ordered restitution for an amount greater than the loss caused by the two specific sales leading to the charges. This court affirmed the restitution order because "[p]roof of a scheme is an element of the offense of mail fraud, and therefore, actions pursuant to that scheme should be considered 'conduct that is the basis of the offense of conviction.' " *Bennett,* 943 F.2d at 740. Proof of a scheme is not an inherent part of the offense of interstate transportation of stolen property. Braslawsky's

---

**3.** Likewise, the restitution amount, by the terms of the statute, is payable only to "any victim of such offense," not all of the people victimized in all of the charged crimes.

**4.** Congress implicitly recognized this limitation by passing, as part of the Crime Control Act of 1990, an amendment to section 3663 specifically

granting courts the power to "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). The government does not argue that this amendment should apply retroactively to Braslawsky.

sentence of restitution remains limited to the damages from the incident on December 2, 1988.

Since the district court was without authority to impose this restitution order, the sentence is VACATED and the case REMANDED to the district court for further proceedings consistent with this opinion.