**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Louis WOLF, Defendant–Appellant.**

Nos. 95–3295, 95–3536.

United States Court of Appeals,
Seventh Circuit.

Argued June 12, 1996.

Decided July 16, 1996.

Chicago by failing to pay property taxes on real estate he owned and then—when the property was sold at a tax auction—by illegally buying back the property through various fronts, thereby owning the property free and clear of tax liens. In 1993, Mr. Wolf pleaded guilty to one count each of RICO, 18 U.S.C. § 1962(c), and mail fraud, 18 U.S.C. § 1341. On December 22, 1993, the district court sentenced Mr. Wolf to one year and a day in prison, community service, restitution to the City and County, the forfeiture of various properties and proceeds involved in the fraud, and $400,000 in fines. This appeal concerns those fines.

## I

At Mr. Wolf's sentencing hearing, the district court made clear that it wished to impose monetary sanctions on Mr. Wolf in addition to the restitution necessary to make whole the victims of Mr. Wolf's crimes, Cook County and the City of Chicago. The court noted that, by hiding his ownership of abandoned and dilapidated buildings, Mr. Wolf had facilitated urban decay in some of Chicago's poorer neighborhoods and had hindered or prevented corrective action by City officials. For this reason, the court ordered Mr. Wolf to pay $400,000 in fines to two charities in the neighborhoods most affected by his crimes. The district court, however, had no statutory authority to order the payment of fines to any entity other than the United States.

More than one year later, Mr. Wolf still had not paid the fines. In February 1995, Mr. Wolf sent a letter—which the court construed as a motion under then-applicable Rule 35(a) of the Federal Rules of Criminal Procedure[1]—to correct his sentence. Under Rule 35, "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within [120 days]." Fed.R.Crim.P. 35(a). In the motion, Mr. Wolf argued that the fine was an illegal sentence: He characterized the $400,-000 payment as "restitution" and argued that the court was without authority to order him

Barry Rand Elden, Chief of Appeals, Lisa Huestis (argued), Office of U.S. Atty., Criminal Appellate Division, Chicago, IL, for U.S.

Jeffrey N. Cole (argued), Cole & Staes, Chicago, IL, for Louis Wolf.

Before FLAUM, RIPPLE and ROVNER, Circuit Judges.

RIPPLE, Circuit Judge.

Between 1978 and October 1987, Louis Wolf defrauded Cook County and the City of

---

1. Because Mr. Wolf committed his offenses before November 1, 1987, his case is governed by the 1985 version of Rule 35. All references to the Federal Rules of Criminal Procedure cited in this opinion are to the 1985 version of the Rules.

to pay restitution to persons or entities that were not victims of his crimes. Mr. Wolf further argued that the court could not convert the $400,000 "restitution order" into a $400,000 "fine" payable to the United States because, he claimed, that conversion would increase the penalty he paid and would violate the holding of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). According to Mr. Wolf:

> [a] fine would be an increased penalty for two reasons: First, a fine is punitive in nature wherein [sic] restitution is not. Restitution is tax deductible, whereas a fine is not tax deductible, adding to its punitive nature. Second, because the restitution order was apparently an illegal sentence *ab initio,* imposing a fine of even [one] dollar would be an increased penalty.

Mr. Wolf supplied no citations or other legal authority to support these assertions.

The prosecution agreed that the district court was without authority to direct the payment of a fine to any entity other than the government, but argued that, under Rule 35(a), the court could correct Mr. Wolf's sentence by ordering him to pay the $400,000 fine to the United States. The district court agreed with the government's position, and this appeal followed.

## II

### A.

■ The district court's initial order to pay the $400,000 fine to the two charities was an illegal sentence. The court had no statutory authority to sentence Mr. Wolf to pay a fine to anyone other than the United States, and a sentence imposed outside the authority granted by statute is an illegal sentence. *Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962); *United States v. Morgan,* 346 U.S. 502, 506, 74 S.Ct. 247, 250, 98 L.Ed. 248 (1954); *United States v. Corbitt,* 13 F.3d 207, 211 n. 6 (7th Cir. 1993).

Mr. Wolf insists that this order to pay the $400,000 was a sentence "imposed in an illegal manner" and that the district court therefore lacked the authority to correct its original sentence because neither side filed a motion within 120 days, as required by Rule 35. According to Mr. Wolf, the $400,000 payment was an order of restitution, and an order of restitution payable to parties other than the victims of the crime of conviction is a sentence imposed in an illegal manner rather than an illegal sentence.

■ Mr. Wolf's argument fails on both the facts and the law. As a factual matter, the district court imposed the $400,000 penalty as a fine and not as an order of restitution. Mr. Wolf correctly argues that the district court's intent at sentencing determines his sentence, and hence, whether the district court intended to impose the $400,000 penalty as restitution or as a fine determines its correct characterization. His argument, though, rests on an isolated instance during the sentencing hearing at which the court referred to the $400,000 payment as "additional restitution." But this one statement, taken alone and out of context, cannot determine the correct characterization of the penalty; rather, in ascertaining the intent of the district court at sentencing, this court must look to the record as a whole. *United States v. Gibas,* 328 F.2d 833, 834 (7th Cir.1964).

■ When the record of the sentencing hearing is considered in its entirety, it is clear that the district court intended to impose a fine rather than an order of restitution. First, the court characterized the question it was deciding as:

> [whether] a fine [is] appropriate, given the fact that Mr. Wolf has rather completely tried to make peace with the taxing authorities [by paying restitution]? After some consideration, the Court feels a fine is appropriate.

The court underscored this point by explaining that restitution alone—although it makes the victim of the crime whole—is an inadequate deterrent to tax crimes because it merely forces the defendant to pay what he should have paid in the first place and that additional monetary penalties are therefore necessary to achieve sufficient deterrence. The court merely directed the payment of these fines-without statutory authority—to two private charities.

Second, the district court made clear that it was relying on its authority to impose fines

to order the $400,000 payment. The court at first expressed its intent to impose the entire $400,000 penalty under a single count. When the prosecutor pointed out that the maximum statutory fine for each count was $250,000, the court instead ordered separate $200,000 fines under each count. Had the court intended to order the $400,000 payment as restitution, the statutory maximum fine would have been irrelevant. Finally, the judgment of the court identifies each $200,000 penalty as a "fine" under each count. Thus, the complete record does not support Mr. Wolf's characterization of the $400,000 penalty as restitution.

█ Mr. Wolf's argument also fails on the law. Even if this court were to characterize the $400,000 payment as "restitution," it would still be an illegal sentence. The district court's authority to order restitution only to victims of the offense of conviction is a statutory limitation. *United States v. Braslawsky*, 951 F.2d 149, 151 & n. 3 (7th Cir.1991). Any order to pay restitution to "non-victims" would be a sentence that the judgment of conviction did not authorize, and hence, it would be an illegal sentence. *Morgan*, 346 U.S. at 506, 74 S.Ct. at 250.[2]

Accordingly, the $400,000 fine payable to two private charities was an illegal sentence,

and the district court was within the jurisdictional authority granted by Rule 35(a) to correct Mr. Wolf's sentence.

### B.

█ Mr. Wolf's alternative argument is that, if the $400,000 fine was an illegal sentence, the district court had the power only to vacate that portion of his sentence and had no authority to resentence him to pay the fine to the government. More specifically, Mr. Wolf contends that, for each count of conviction in a criminal judgment, there is a sentence made up of one or more separable "components" (i.e., imprisonment, fines, restitution, supervised release, etc.) and that, if one of these components is imposed in excess of the district court's statutory authority, the "correction" Rule 35 authorizes is limited to only the excision of that component.

█ Mr. Wolf recognizes that this court's decision in *United States v. Bentley*, 850 F.2d 327 (7th Cir.), *cert. denied*, 488 U.S. 970, 109 S.Ct. 501, 102 L.Ed.2d 537 (1988), is directly adverse to the position he advocates, but asks us to overrule *Bentley*. We decline his invitation. Mr. Wolf directs us to no support for the proposition that the authority granted to the district court under Rule 35 is limited to correcting only the illegal "components" of a sentence, rather than the sentence *in toto*.[3]

---

**2.** *United States v. DeLeo*, 644 F.2d 300 (3rd Cir. 1981) (per curiam), the sole case on which Mr. Wolf relies, is not to the contrary. In that case, when the defendant challenged a restitution order—arguing that the amount exceeded the victim's actual losses or damages—the district court changed the restitution order to a fine. The Third Circuit observed—*without holding one way or the other*—that "[n]either party suggests that the original sentence was illegal, but both agree that it was imposed in an illegal manner because it required payment of restitution in an amount greater than the [victim's] actual loss." *Id.* at 302.

Mr. Wolf argues that an order of restitution for the wrong amount (*DeLeo*) is analogous to an order of restitution payable to the wrong party (Mr. Wolf's case), and hence, under *DeLeo*, both are sentences imposed in an illegal manner. This argument is untenable. Because DeLeo filed his Rule 35 motion less than 120 days after sentencing, *id.* at 301, it made no difference in that case how the court characterized the error in his sentence. Either way, the district court had jurisdiction to correct DeLeo's sentence. The Third Circuit's failure to comment on an

irrelevant issue not controverted by the parties cannot be taken as a definitive statement of law. In contrast, this court definitively has held that an order of restitution that exceeds the victim's actual losses or damages is an illegal sentence. *Braslawsky*, 951 F.2d at 151. Thus, to the extent there is an analogy between restitution for the wrong amount and restitution to the wrong party, it is that both are illegal sentences.

**3.** Mr. Wolf suggests that *United States v. Minor*, 846 F.2d 1184 (9th Cir.1988), and *United States v. Henry*, 709 F.2d 298 (5th Cir.1983) (en banc)—both of which this court explicitly rejected in *Bentley*—support his position; he is wrong. *Minor* and *Henry* hold only that, when the sentence for one count of a multi-count conviction is vacated as illegal, the district court may not resentence the defendant on the unchallenged, legal counts. Neither case holds the district court may correct only the illegal component of a sentence. See *United States v. Cochran*, 883 F.2d 1012, 1015 (11th Cir.1989). Nor does either case hold, as Mr. Wolf contends, that the district court's authority to "correct" an illegal sentence is limited only to the authority to "excise" or "vacate" an illegal sentence.

Rule 35 grants the authority to correct an illegal sentence rather than the illegal portions of a sentence.

Similarly, we are aware of no authority that holds that the power to correct a sentence is limited to the deletion of the illegal component without replacement of a corresponding legal component. In *Bozza v. United States,* 330 U.S. 160, 165, 67 S.Ct. 645, 648, 91 L.Ed. 818 (1947), the district court erroneously failed to include a mandatory minimum fine when it originally sentenced the defendant. In upholding the district court's correction of the sentence by adding the fine, the Court stated, "The sentence, *as corrected,* imposes a valid punishment for an offense instead of an invalid punishment for that offense." *Id.* at 167, 67 S.Ct. at 649 (emphasis added). If the district court in *Bozza* validly could correct a sentence by adding a fine where there had been no fine before, we see no reason why the district court here could not validly correct Mr. Wolf's sentence by directing the payment of the fine to the United States rather than to private parties.

Mr. Wolf raises two additional arguments to support his position. His first argument is that *Bentley* erroneously relies on the absence of a prohibition in Rule 35(a) forbidding a district court from imposing a new sentence on a defendant. This argument misreads *Bentley.* *Bentley's* analysis starts with the language of Rule 35(a), which expressly grants a district court the authority to "correct" an illegal sentence at any time. *Bentley,* 850 F.2d at 328. The authority to correct necessarily implies the authority "to make or set right [or] amend [,] ... to alter or adjust so as to bring to some standard or required condition...." *Webster's Third New International Dictionary* 511 (1986). Thus, *Bentley* finds the authority to resentence a defendant in the most logical and literal reading of Rule 35(a).

Mr. Wolf's final argument is that "*Bentley's* analysis is at odds with the inherent structure of Rule 35 ... [which] authorizes reductions of legal sentences and, by necessary implication, prohibits increases of such sentences." This argument confuses Rule 35(a) with 35(b). The latter deals with legal sentences and authorizes only their reduction; the former deals with illegal sentences and authorizes their correction.

### Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.