103 F.3d 134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David E. GRAIKA, Defendant-Appellant.
 No. 96-2360.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1996.*
Decided Nov. 26, 1996.
 
 Before POSNER, Chief Judge, and MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 After a jury trial, David E. Graika was convicted of conspiring to make, possess and use an explosive device in violation of 18 U.S.C. § 371 ("Count One"); maliciously damaging an apartment building by means of an explosive device in violation of 18 U.S.C. § 844(I) ("Count Two"); and knowingly making a firearm in the form of an explosive device in violation of 26 U.S.C. § 5861(f) ("Count Three"). Graika was sentenced to imprisonment for 60 months on Count One, 160 months on Count Two, and 120 months on Count Three, all to run concurrently for a total sentence of 160 months.[1] Graika did not challenge his sentence in the trial court.
 
 
 2
 On appeal, Graika argues that his sentence on Count Two exceeds that authorized by law at the time he committed the offense in violation of the Ex Post Facto Clause. The government concedes this error. However, the parties disagree on the remedy. Graika argues that we should remand for resentencing of only Count Two, while the government argues that we should remand for resentencing on all counts.
 
 Discussion
 
 3
 Even when a party confesses error, "we have a duty to evaluate independently the merits of the case." United States v. Locklear, 97 F.3d 196, 198 (7th Cir.1996). Therefore, although the government confessed error in the sentence Graika received under Count Two, we evaluate Graika's ex post facto claim. It is a violation of the Ex Post Facto Clause to impose a greater penalty on a defendant than was available at the time the defendant committed the offense. Collins v. Youngblood, 497 U.S. 37, 43 (1990) ("Legislatures may not retroactively ... increase the punishment for crimes."); Miller v. Florida, 482 U.S. 423, 429 (1987) (same); United States v. Aman, 31 F.3d 550, 557 (7th Cir.1994) (same). Because Graika did not challenge his sentence at trial, we review for plain error. Aman, 31 F.3d at 557.
 
 
 4
 Graika was sentenced under Count Two for a violation of 18 U.S.C. § 844(I) that occurred on January 28, 1993. In January of 1993, § 844(I) provided: "Whoever maliciously damages or destroys ... by means of fire or an explosive, any building ... shall be imprisoned for not more than ten years."[2] Clearly, Graika's 160-month sentence of imprisonment is longer than 10 years, or 120 months. Therefore, his sentence on Count Two violates the Ex Post Facto Clause and must be vacated. The issue then becomes the appropriate scope of the remand order.
 
 
 5
 The government argues that we should remand for resentencing on all three counts in accordance with United States v. Bentley, 850 F.2d 327 (7th Cir.), cert. denied, 488 U.S. 970 (1988). In Bentley, we held "that whenever a reversal on appeal undoes a sentencing plan, or even calls the plan into question, the district court should be invited to resentence the defendant on all counts in order to achieve a rational, coherent structure." Id. at 328; see also United States v. Shue, 825 F.2d 1111, 1114 (7th Cir.) (describing sentencing decision on multiple counts as a 'sentencing package' which becomes 'unbundled' when some counts are reversed on appeal; holding that sentencing court on remand has "authority to reevaluate the sentencing package in light of changed circumstances and resentence the defendant to effectuate the original sentencing intent."), cert. denied, 484 U.S. 956 (1987).
 
 
 6
 Graika argues that our decisions in Bentley and the other cases cited by the government concern pre-Guideline cases that rely on 28 U.S.C. § 2106[3] and, therefore, do not govern our disposition of this case. Instead, Graika argues, 18 U.S.C. § 3742(f)(1) governs: "If the court of appeals determines that the sentence was imposed in violation of law ... the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate." Graika interprets § 3742(f) to mean that our only concern should be compliance with the Guidelines which can be achieved by resentencing on only Count Two.[4]
 
 
 7
 Graika's argument fails. Nothing in § 3742(f) dictates that we remand only that part of the case which we vacate, rather it speaks of remanding "the case." Neither does it conflict with, nor limit, our authority under 28 U.S.C. § 2106. More importantly, § 3742(f) does not in any way impact our reasoning in Bentley and Shue, namely that "when a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent," Shue, 825 F.2d at 1114, and that reversal on any single count "renders the sentencing package ineffective in carrying out the district court's sentencing intent." Id. Thus, "if illegal sentences in the original package foil the district court's original plans, the court may start anew," Bentley, 850 F.2d at 328, and "[o]n resentencing, the court possesses all of the options initially open." Id. Finally, although Bentley and Shue were pre-Guideline cases, we have relied on their holdings to justify resentencing on all counts after reversal of some counts in Guideline cases as well. See, e.g., United States v. Wolf, 90 F.3d 191, 194 (7th Cir.1996) (citing Bentley ); United States v. Severson, 3 F.3d 1005, 1013 (7th Cir.1993) (citing Shue ); see also United States v. Flood, 965 F.2d 505 (7th Cir.) (holding that resentencing on affirmed count after sentence on another count vacated was appropriate), cert. denied, 506 U.S. 964 (1992).
 
 
 8
 For these reasons, the judgment of the district court is VACATED and the case is REMANDED for resentencing consistent with this order.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Graika was also ordered to pay restitution and a special assessment, and given a three-year term of conditional supervised release
 
 
 [2]
 On September 13, 1994, amendments to § 844(I) went into affect allowing a maximum penalty of 20 years imprisonment. See Act of Sept. 13, 1994, Pub.L. No. 103-322, § 320106(3)(A) (1994)
 
 
 [3]
 Section 2106 provides:
 The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.
 
 
 [4]
 Graika argues that on remand, the district court, under U.S.S.G. § 5G1.2(d), could simply sentence Graika on Count Two to 40 months to run consecutive to his sentences under Counts One and Three, thereby effectuating the original total sentence