107 F.3d 13
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stewart E. ANDREWS, III, Defendant-Appellant.
 No. 96-2186.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 27, 1997.*
Decided Feb. 5, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In November 1988, Stewart Andrews pleaded guilty to two counts of distribution of cocaine in violation of 18 U.S.C. § 841(a)(1),[1] and in October 1989, was sentenced to eight years on each count and three years special parole on each count.
 
 
 2
 In January 1996, Mr. Andrews filed a pro se pleading entitled "Motion to Reconsider" asking the sentencing court to reconsider the term of special parole imposed by the court. After a hearing, the district court ordered that Mr. Andrews' original three-year term of special parole be changed to three years of supervised release. Gozlon-Peretz v. United States, 498 U.S. 395 (1991). He appeals this decision contending that because the initial sentence of the term of special parole was illegal, the term should be dismissed entirely because this would be the least onerous remedy. We affirm.
 
 
 3
 Rule 35(a) stated that "[t]he court may correct an illegal sentence at any time...." Fed.R.Crim.P. 35(a) (version applicable to offenses committed prior to November 1, 1987). The district court acted within its authority when it invoked Rule 35(a), vacated Mr. Andrews' original sentence and resentenced him to a three-year term of supervised release. United States v. Wolf, 90 F.3d 191, 195 (7th Cir.1996) (in a Rule 35(a) motion, stating that "we are aware of no authority that holds that the power to correct a sentence is limited to the deletion of the illegal component without replacement of a corresponding legal component"); United States v. Bentley, 850 F.2d 327, 328 (7th Cir.1988) ("Nothing in the language or history of Rule 35(a) prevents a court from rebuilding the edifice to carry out the plan, so long as the reconstruction also eliminates the illegal feature of the first package."). We have found no authority, nor has Mr. Andrews cited any, which limits Rule 35(a) relief to the "least onerous remedy."
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The two offenses occurred on October 21, 1987 and October 23, 1987