**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard MARTENSON, Defendant–Appellant.**

No. 98–1309.

United States Court of Appeals, Seventh Circuit.

Argued May 26, 1998.

Decided April 30, 1999.

John F. Podliska (argued), Office of the United States Attorney, Criminal Division, Chicago, IL, for Plaintiff–Appellee.

Gary J. Ravitz (argued), Ravitz & Palles, Chicago, IL, for Defendant–Appellant.

Before POSNER, Chief Judge, BAUER and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

Following a second trial, Defendant–Appellant Richard Martenson ("Martenson") was convicted of four counts of mail fraud in violation of 18 U.S.C. § 1341, nine counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of racketeer-

ing in violation of 18 U.S.C. § 1962(c). In 1986, Judge Ann Claire Williams sentenced Martenson to a term of twelve years of imprisonment to be followed by five years of probation, and as a condition of probation, Martenson was ordered to make restitution in the total amount of $3.5 million.

In 1997, after he was released from confinement and following service of his prison term, he filed a motion in the district court pursuant to Fed.R.Crim.P. 35(a) (since amended), requesting relief from an illegal sentence. Martenson alleged that his 1986 sentence was improper under 18 U.S.C. § 3651, because the punishment imposed on each of the counts of the conviction provided for both a term of confinement exceeding six months, and probation with a condition of restitution. Martenson claimed that this particular apportionment was prohibited by 18 U.S.C. § 3651, the governing sentencing statute, and thus the probationary term and restitution orders should be vacated. The trial court agreed with the petitioner that the original sentence was improper under § 3651, and the trial judge proceeded to resentence the defendant. On thirteen of the fourteen counts of conviction, the court vacated the probationary terms and orders of restitution (but left in place the twelve year term of imprisonment that Martenson had just completed serving). On Count Sixteen (racketeering), the judge vacated the term of imprisonment, and resentenced the defendant to five years probation and as a condition of probation, ordered that he pay restitution in the amount of $3.5 million. This restructured sentence fulfilled the sentencing judge's original intent that Martenson serve twelve years in prison followed by five years probation, and pay restitution in the amount of $3.5 million.

Martenson now challenges the validity of the reconstructed sentence. We AFFIRM.

## BACKGROUND

In late 1979 and early 1980, Martenson operated a Florida-based company which solicited potential investors in precious metals. Martenson informed future clients that his company was qualified to assist them in investing in gold, silver, and platinum bullion. In reality, Martenson's alleged business was nothing more than a financial scheme to defraud investors out of their money. Customers purchased holdings of metals, with the intent of making money as metal prices went up. Approximately 1,100 investors from across the nation invested $11.5 million with Martenson's company, but their money was never fully invested in metals as purported. In addition, investors were led to believe that they were purchasing shares in metals held at the company's headquarters, but in reality, no such metals were held by the company. In sum, approximately $3.5 million of investors' funds were diverted to the benefit of Martenson and a partner. In 1980, the business enterprise's activities were ended when the FBI executed a search warrant on the company's Florida headquarters.

In 1981, the United States Attorney brought the matter before a federal grand jury which indicted Martenson on nine counts of wire fraud in violation of 18 U.S.C. § 1343, four counts of mail fraud in contravention of 18 U.S.C. § 1341, and two counts of fraudulent bullion transactions as prohibited by 7 U.S.C. §§ 13(b) and 23(b). On October 10, 1982, the United States Attorney filed a superseding indictment and realleged the fifteen original counts and added a Count Sixteen, racketeering in violation of 18 U.S.C. § 1962(c).

On November 2, 1982, Martenson's initial jury trial commenced in the United States District Court for the Northern District of Illinois, Judge Leighton presiding. On December 6, 1982, the trial judge entered a judgment of acquittal on Counts Eight and Eleven of the superseding indictment, both alleging fraudulent bullion transactions. The jury, on the other hand, proceeded to find Martenson guilty of the remaining fourteen counts of the superseding indictment: nine counts of wire fraud,

four counts of mail fraud, and one count of racketeering. On February 11, 1983, the trial court sentenced Martenson to a total of twelve years in prison to be followed by five years of probation, and fined him $35,-000.

On February 16, 1983, Martenson appealed his convictions and sentences. We reversed and remanded for a new trial because of the improper admission in evidence of a civil deposition, as well as a violation of the Speedy Trial Act, reasons irrelevant to the present appeal. *See United States v. Feldman,* 761 F.2d 380 (7th Cir.1985).

On remand, the case was reassigned to Judge Williams for a new trial.[1] In February of 1986, Martenson's second trial commenced and the government alleged the following counts as contained in the superseding indictment:[2]

| | |
|---|---|
| Count 1: 18 USC 1343 (wire fraud) | Count 9: 18 USC 1341 (mail fraud) |
| Count 2: 18 USC 1343 (wire fraud) | Count 10: 18 USC 1343 (wire fraud) |
| Count 3: 18 USC 1343 (wire fraud) | Count 12: 18 USC 1341 (mail fraud) |
| Count 4: 18 USC 1343 (wire fraud) | Count 13: 18 USC 1341 (mail fraud) |
| Count 5: 18 USC 1343 (wire fraud) | Count 14: 18 USC 1343 (wire fraud) |
| Count 6: 18 USC 1343 (wire fraud) | Count 15: 18 USC 1341 (mail fraud) |
| Count 7: 18 USC 1343 (wire fraud) | Count 16: 18 USC 1962 (racketeering) |

Martenson fared no better at his second trial—on February 20, 1986, the second jury found him guilty of nine counts of wire fraud (Counts 1–7, 10, and 14), four counts of mail fraud (Counts 9, 12–13, and

15), and one count of racketeering (Count 16). On May 14, 1986, Martenson was sentenced under 18 U.S.C. § 3651 (now repealed).

The *maximum* sentence the court could have imposed on all fourteen counts was a prison term of 85 years. Judge Williams sentenced Martenson to a total of twelve years in prison and five years probation, and required as a condition thereof that he pay restitution in the amount of $3.5 million.[3] Of particular importance in the instant appeal, the court apportioned the total sentence among the counts of conviction as follows:

- Count One—five years incarceration to be followed by five years probation, and $3.5 million in restitution;
- Count Two—five years incarceration to be followed by five years probation (to be served consecutively to Count One);
- Count Three—two years incarceration to be followed by five years probation (to be served consecutively to Counts One and Two);
- Counts Four, Five, Six, Seven, Nine, Ten, Twelve, Fourteen, and Fifteen—five years incarceration to be followed by five years probation (to be served concurrently to Counts One and Two); and
- Count Sixteen—twelve years incarceration to be followed by five years probation (to be served concurrently to Counts One, Two, and Three).

Martenson admits that at the time of sentencing, the trial judge explicitly stated her intention of having Martenson serve a

1. The case was reassigned pursuant to Northern District of Illinois Local General Rule 44. Rule 44 states that whenever the Seventh Circuit remands a case for a new trial, the case should be reassigned to a different district judge for retrial, unless the Seventh Circuit requires the original trial judge to retry the case, or all parties file a stipulation indicating that they wish the case to be tried by the original trial judge.

2. As explained previously, Counts Eight and Eleven (the fraudulent bullion transaction counts) were dismissed following the first trial.

3. We use the term "probation" because the statute in effect at the time Judge Williams originally imposed a sentence in 1986 (18 U.S.C. § 3651) provided for "probation" rather than "supervised release," as it is denoted under the law which superseded § 3651. *See* 18 U.S.C. § 3583.

total of twelve years of imprisonment followed by a five-year term of probation, and that he make restitution in the amount of $3.5 million.

On April 14, 1997, after Martenson had completed serving his twelve year sentence, but prior to the commencement of his probationary period, Martenson filed a motion with Judge Williams pursuant to former Fed.R.Crim.P. 35(a). At that time, Rule 35(a) was entitled "Correction of Sentence," and it stated in pertinent part that a sentencing court could "correct an illegal sentence at any time and [could] correct a sentence imposed in an illegal manner...." Martenson's motion papers alleged that his original sentence was improper under 18 U.S.C. § 3651, the sentencing statute in effect at the time of sentencing. Paragraph two of § 3651 provided, in relevant part, the following:

> Upon entering a judgment of conviction ... [a] court ... may impose a sentence in excess of six months and provide that the defendant be [imprisoned] for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

Martenson argued that on each of the fourteen counts, the sentence imposed by Judge Williams was improper because it contained (1) a term of incarceration exceeding six months; *and* (2) a term of probation (with restitution). Martenson claimed that § 3651 did not permit a term of incarceration exceeding six months and a period of probation to be ordered on any one count of conviction. *See* 18 U.S.C. § 3651; *see also Sibo v. United States,* 332 F.2d 176 (2nd Cir.1964). Martenson claimed that the sentence was illegal, and that the proper remedy was for the trial court to simply vacate the probation and restitution portions of the sentence as originally imposed. As a result, Martenson would be relieved from serving any period of probation or paying any restitution.

On November 25, 1997, the district court agreed that the original sentence was improper, and issued a minute order granting Martenson's Rule 35(a) motion. To correct the sentence, the court vacated the probationary terms (and orders of restitution) on all counts. Thus, the sentence on each and every count retained *only* a term of imprisonment (totaling twelve years, which Martenson had completed serving). In addition, Judge Williams vacated the prison sentence that she had originally imposed on Count Sixteen, and set a date for resentencing on that count. On January 23, 1998, the court resentenced Martenson on Count Sixteen to five years probation with a condition that he make restitution in the total amount of $3.5 million. The net effect of this "rebundling" of Martenson's sentence was that he would serve precisely the same periods of confinement and probation, and would pay the same amount of restitution, as Judge Williams had originally ordered in 1986.

Martenson, still attempting to avoid his probation term as well as the restitution orders, and not satisfied with the rebundled sentence, filed a Notice of Appeal with this Court. On appeal, he alleges that the district court's rebundled sentence is illegal.

## DISCUSSION

Martenson asks us to reverse the trial court's January 23, 1998, order rebundling the sentence on Count Sixteen which imposed a term of five years probation, and restitution in the amount of $3.5 million. He argues that the court lacked authority to impose the reconstructed sentence, in part because he had completed the serving of the twelve year concurrent prison sentence originally imposed on Count Sixteen, and thus he could not be resentenced on this count. Martenson argues that the trial court's modification of his sentence is illegal, and the only way to cure the illegality is to vacate and set aside the probationary term and order of resti-

tution. If we were to agree with Martenson's theory, the defendant would avoid making any restitution to the victims of his fraud scheme and would avoid serving any period of probation.

■ We review *de novo* the question of whether the reconstructed sentence imposed by the court is legal. *See United States v. Celani*, 898 F.2d 543, 544 (7th Cir.1990). As mentioned previously, the statute that authorized the district court to impose the probationary and restitution components of Martenson's original sentence was the Federal Probation Act, 18 U.S.C. § 3651. As illustrated previously, paragraph two of § 3651, in relevant part, stated:

> Upon entering a judgment of conviction ... [a] court may impose a sentence in excess of six months and provide that the defendant be [imprisoned] for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

On appeal, Martenson contends that under § 3651, the district court could have suspended his sentence within the first six months of imprisonment, and ordered probation. However, he argues that once he had served more than six months of his sentence, under the terms of § 3651, the court lacked authority to impose a term of probation. Martenson claims that "the district court thereafter lacked the legal authority to do other than vacate his probation [and restitution]."

■ This case presents an example of what is referred to in usual sentencing jargon as "rebundling the sentence." When one or more components of a defendant's sentence are held to be illegal, trial judges are permitted to "reevaluate the sentencing package in light of the changed circumstances and resentence the defendant to effectuate the original sentencing intent." *United States v. Shue*, 825 F.2d 1111, 1114 (7th Cir.1987). If the original sentence is vacated, the entire sentencing package becomes "unbundled" and the judge is entitled to resentence a defendant on all counts. *See United States v. Smith*, 103 F.3d 531, 533 (7th Cir.1996). And, so long as the original sentence imposed upon a defendant is within the statutory maximum for all counts of conviction, the manner in which that sentence is allocated to each count of conviction may be changed ("rebundled") at any time to correct an illegality while preserving the total sentence the court originally intended to impose. *See United States v. Wolf*, 90 F.3d 191, 194–95 (7th Cir.1996); *United States v. Bentley*, 850 F.2d 327, 328–30 (7th Cir. 1988). Martenson argues that the trial judge's authority to "rebundle" is extinguished by § 3651 because Martenson has served six months of his prison term.

In 1958, 18 U.S.C. § 3651 was amended to include paragraph two (quoted above). Prior to the amendment, if a defendant was convicted of only *one count* in an indictment, the sentencing judge could only sentence the defendant to *either* a term of probation or a term of imprisonment, *but not both*. *See United States v. Entrekin*, 675 F.2d 759, 761 n. 4 (5th Cir. 1982); *United States v. Cohen*, 617 F.2d 56, 59 (4th Cir.1980). Paragraph two "was added to inject the same flexibility into one-count situations as existed in multi-count situations." *Entrekin*, 675 F.2d at 761. After the amendment, federal judges could now order both imprisonment *and* probation in a *one count* indictment. We disagree with Martenson's argument, and hold that this amendment did not diminish a judge's authority to sentence a defendant, convicted in a multi-count indictment, to a term of imprisonment on one count, and a probationary term on another count. This latter situation (sentencing the defendant to probation on one count, and imprisonment on another) is precisely what Judge Williams accomplished when she re-

arranged the sentence that she had originally imposed in 1986.[4]

We reject Martenson's argument that paragraph two of § 3651 precluded Judge Williams from restructuring his sentence. We are convinced that the judge possessed the jurisdiction to correct the sentence originally given by imposing incarceration on all but one count, and imposing consecutive probation (with a condition of restitution) on the remaining count (Count Sixteen). *See id.* at 761–62.

Martenson also argues that the district court lacked authority to restructure his sentence because he had served the twelve year term of incarceration imposed on Count Sixteen of his original sentence. We disagree with Martenson's argument. This Court has previously held that even when a defendant has completed serving the period of incarceration imposed by a court on one count of a multi-count indictment, the court may reconstruct the sentence by resentencing on all counts to correct an error in the sentence. *See Smith,* 103 F.3d at 532–35.

In *Smith,* following a jury trial, the defendant was convicted of possession with the intent to distribute marijuana (Count One); knowingly using and carrying a firearm in connection with drug trafficking (Count Two); and possession of a firearm by an illegal alien (Count Three). *See id.* at 532. He was sentenced to concurrent terms of sixteen months incarceration on Counts One and Three, in addition to 60 months consecutive imprisonment on Count Two, for a grand total of 76 months in prison. *See id.* After defendant Smith had served 26 months in prison, his conviction and sentence on Count Two were vacated. *See id.* At that point, Smith applied to be released from custody because he had served approximately 26 months of a sentence which appeared to be only sixteen months long (due to concurrent six-

teen month sentences on Counts One and Three).

The district judge, however, did not assent to Smith's release. Even though Smith had already completed the service of his original sixteen month sentences on Counts One and Three (in fact, he had been in prison for 26 months), Smith was resentenced on Counts One and Three to concurrent terms of 33 months imprisonment. *See id.* Smith appealed, arguing that the reconstructed sentence on Counts One and Three was barred by the Double Jeopardy Clause because he had already completed serving the 26 months originally imposed on those counts.

On appeal, we noted that "our approach has traditionally been that in imposing sentence, a district judge quite properly looks to the bottom line, the total number of years (or under the guidelines, months) which effectuates a sentencing plan, or what we have referred to as a 'sentencing package.'" *Id.* at 533. We then cited *United States v. Shue,* 825 F.2d 1111 (7th Cir.1987), wherein we explained that when part of a sentence is vacated the entire sentencing package becomes "unbundled" and the judge is entitled to resentence a defendant on all counts. *Id.* And "[w]hen a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent." *Id.* at 1114.

We concluded that "[w]hen there is an alteration in the components of a sentence, the entire sentence is altered. If the alteration contains within itself potential for permeating the whole sentence, the entire sentence can be revisited.... We find that until action is taken in regard to the whole sentence, Smith did not have an expectation of finality with regard to his sentence." *Smith,* 103 F.3d at 535. Thus, we held that even though Smith had served the entire sixteen month terms of

4. The judge attached the twelve year prison term to a number of specifically enumerated counts, and then imposed a five year proba- tion term, along with a restitution component, on Count Sixteen.

imprisonment originally imposed on Counts One and Three, it was nevertheless proper for the district judge to resentence Smith on those two counts and thereby effectuate the judge's original sentencing intent. The same is true in Martenson's case. Martenson served the twelve year term of imprisonment originally imposed on Count Sixteen, but the district court had the authority and jurisdiction to resentence him on that Count, so long as the reconstructed sentence effectuated the court's original sentencing intentions, did not enlarge his sentence, and was a legal sentence.

On appeal, Martenson's intent is eminently clear: he is attempting to avoid (1) paying restitution to his victims, and (2) serving any term of probation, by alleging that the district court made a mistake in 1986 when the judge sentenced him to imprisonment and probation on each count, thereby resulting in an "illegal" sentence. When a sentence is illegal simply because of an error in the manner in which the district court structured the original sentence package, "[n]othing in the history or language of Rule 35(a) prevents a court from rebuilding the edifice to carry out the plan, so long as the reconstruction also eliminates the illegal feature of the first package[,]" *Bentley*, 850 F.2d at 328, and does not enlarge upon the sentence that was previously imposed. Thus, "if illegal sentences in the original package foil the district court's original plans, the court may start anew and arrive at a punishment no more severe in aggregate than the first.... The district court should be invited to resentence the defendant on all counts in order to achieve a rational, coherent structure in light of the remaining convictions." *Id.* (citations omitted.) And, "whenever the district court must revise one aspect of the sentencing scheme, it is permitted by Rule 35 to revise the rest." *Id.* at 329.

Martenson's reconstructed sentence imposed exactly the same overall period of confinement (12 years), the same term of probation (5 years), and an identical obligation to pay restitution ($3.5 million) as that which the district court ordered some ten years ago, and which was less than the maximum sentence of 85 years. We hold that the court had the statutory authority to reconstruct Martenson's original sentence.

■ One other issue remains. In Judge Williams' November 25, 1997, minute order, the court set forth the rebundled sentence. At this time, the district judge vacated the original twelve year prison sentence for Count Sixteen and set a date for resentencing on that count. At the December 17, 1997, sentencing hearing, the judge ordered the five year term of probation as well as the order of restitution on Count Sixteen. However, 18 U.S.C. § 3651 ¶ 1 requires that the court must first suspend the imposition of any sentence previously imposed before the court may place the defendant on probation, which was not done in this case as to Count Sixteen. *See, e.g., United States v. Makres*, 851 F.2d 1016, 1018 (7th Cir.1988) (court incorrectly imposed probation without stating that imposition of sentence was suspended). This is because "a sentence of probation imposed without a suspended sentence is an illegal sentence." *Id.* (citation omitted). Thus, we remand the case to the trial court and instruct the judge to make clear on the record that the court is also suspending the imposition of any sentence on Count Sixteen.

## CONCLUSION

We AFFIRM Martenson's sentence, but REMAND the case with instructions to the trial court to make clear on the record that imposition of sentence on Count Sixteen has been suspended.